Joel N. Bock
joel.bock@dentons.com
Andrew M. Grodin
andrew.grodin@dentons.com
Dentons US LLP
101 JFK Parkway
Short Hills, New Jersey 07078
(973) 912-7100

Of Counsel:
Mark L. Hogge (*pro hac vice* pending)
mark.hogge@dentons.com
Shailendra Maheshwari
shailendra.maheshwari@dentons.com
Nicholas H. Jackson (*pro hac vice* pending)
nicholas.jackson@dentons.com
Dentons US LLP
1301 K. Street, NW
Washington, D.C. 20005
(202) 408-6400

Anne K. W. Sutton (*pro hac vice* pending)
anne.sutton@dentons.com
Dentons US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: (312) 876-8000

*Attorneys for Plaintiff Synchronoss Technologies, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC.<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DROPBOX, INC.<br><br>　　　　　　Defendant. | Civil Action No. _____<br><br>*Document filed electronically*<br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

## THE PARTIES

1. Plaintiff Synchronoss Technologies, Inc. ("Plaintiff" or "Synchronoss") is a company incorporated under the laws of Delaware having a business address at 200 Crossing Blvd., 8th Floor, Bridgewater, New Jersey 08807.

2. Upon information and belief, Dropbox, Inc. ("Defendant" or "Dropbox") is a Delaware Corporation with an address at 185 Berry Street Suite 400, San Francisco, CA 94107.

3. Upon information and belief, Dropbox may be served through its registered agent, Corporation Services Company, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has federal question jurisdiction pursuant to 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 and original jurisdiction under 28 U.S.C. § 1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because on information and belief, Defendant has committed and continues to commit a substantial part of the events giving rise to the patent infringement claims herein in this judicial district.

6. The Court has personal jurisdiction over Dropbox because Defendant is engaged in substantial and not isolated activities within this state, including providing, using, offering for sale, and selling its infringing synchronization and backup products within this state and judicial district. Due to these infringing activities, Synchronoss has

suffered injury in this judicial district. Upon information and belief, Defendant also directly solicits, promotes, and provides its infringing products in this state and judicial district through its active website at www.dropbox.com from which consumers and businesses can directly access and download the Dropbox products.

### SYNCHRONOSS'S PATENTS

7. On December 30, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,671,757 (the "'757 Patent"), entitled "Data Transfer and Synchronization System." A true and correct copy of the '757 Patent is attached hereto as Exhibit A. Plaintiff is the owner of the '757 patent by assignment.

8. On June 29, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,757,696 (the "'696 Patent"), entitled "Management Server for Synchronization System." A true and correct copy of the '696 Patent is attached hereto as Exhibit B. Plaintiff is the owner of the '696 patent by assignment.

9. On September 8, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,587,446 (the "'446 Patent"), entitled "Acquisition And Synchronization Of Digital Media To A Personal Information Space." A true and correct copy of the '446 patent is attached hereto as Exhibit C. Plaintiff is the owner of the '446 patent by assignment.

### COUNT I — INFRINGEMENT OF THE '757 PATENT

10. Synchronoss restates and incorporates by reference paragraphs 1 through 9 as if fully stated herein.

11. Defendant has infringed and is still infringing the '757 patent by making, using, offering for sale, or selling its synchronization and backup products, including but not

limited to its Dropbox Basic, Dropbox Pro and Dropbox for Business products, covered by the '757 patent and without authority from Synchronoss. Defendant will continue to do so unless enjoined by this Court.

12. As a direct and proximate result of Defendant's direct infringement of the '757 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

### COUNT II — INFRINGEMENT OF THE '696 PATENT

13. Synchronoss restates and incorporates by reference paragraphs 1 through 12 as if fully stated herein.

14. Defendant has infringed and is still infringing the '696 patent by making, using, offering for sale, or selling its synchronization and backup products, including but not limited to its Dropbox Basic, Dropbox Pro and Dropbox for Business products, covered by the '696 patent and without authority from Synchronoss. Defendant will continue to do so unless enjoined by this Court.

15. As a direct and proximate result of Defendant's direct infringement of the '696 patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

### COUNT III — INFRINGEMENT OF THE '446 PATENT

16. Synchronoss restates and incorporates by reference paragraphs 1 through 15 as if fully stated herein.

17. Defendant has infringed and is still infringing the '446 patent by making, using, offering for sale, or selling its synchronization and backup products, including but not limited to its Dropbox Basic, Dropbox Pro and Dropbox for Business products, covered by

the '446 patent and without authority from Synchronoss. Defendant will continue to do so unless enjoined by this Court.

18. As a direct and proximate result of Defendant's direct infringement of the '446 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

## JURY DEMAND

19. Plaintiff hereby demands a jury trial on all issues triable to the jury.

**WHEREFORE,** Plaintiff demands:

(a) judgment that the asserted patents are enforceable and infringed by Defendant;

(b) permanent injunctive relief prohibiting further infringement of the asserted patents;

(c) damages for Defendant's infringements;

(d) prejudgment interest on the damages;

(e) that the Court find this is an exceptional case, and award Synchronoss costs and fees for this lawsuit under 35 U.S.C. § 285; and

(f) any other relief that the Court may deem just and proper.

Dated: March 27, 2015

*s/*Andrew M. Grodin
Joel N. Bock
joel.bock@dentons.com
Andrew M. Grodin
andrew.grodin@dentons.com
Dentons US LLP
101 JFK Parkway
Short Hills, NJ 07078-2708

Telephone: (973) 912-7100

Mark L. Hogge (*pro hac vice* pending)
mark.hogge@dentons.com
Shailendra Maheshwari
shailendra.maheshwari@dentons.com
Nicholas H. Jackson (*pro hac vice* pending)
nicholas.jackson@dentons.com
Dentons US LLP
1301 K. Street, NW
Washington, D.C. 20005
Telephone: (202) 408-6400

Anne K. W. Sutton (*pro hac vice* pending)
anne.sutton@dentons.com
Dentons US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: (312) 876-8000

*Attorneys for Plaintiff Synchronoss Technologies, Inc.*

84002169