[Counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., | Case No. 3:16-cv-00119-HSG |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT PURSUANT TO FED. R. CIV. P. 26(F) AND CIV. L.R. 16-9 AND [PROPOSED] ORDER** |
| v. | |
| DROPBOX, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |
| | Date:     April 28, 2016<br>Time:     2:00 p.m.<br>Location: Courtroom 10, 19th Floor |
| | Judge:  Hon. Haywood S. Gilliam, Jr. |
| | Complaint Filed:    March 27, 2015<br>Case Transferred:   January 8, 2016 |

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Standing Order for All Civil Cases Before District Judge Haywood S. Gilliam, and the Clerk's Initial Case Management Conference Notice (D.I. 38), the parties to the above-titled action, Plaintiff Synchronoss Technologies, Inc. ("Synchronoss") and Defendant Dropbox, Inc. ("Dropbox") hereby submit this Joint Report and [Proposed] Order.

**1.    JURISDICTION AND SERVICE**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.  The Court has personal jurisdiction over the parties. On March 27, 2015, this action was filed in the United States District Court, District of New Jersey by Synchronoss pursuant to 28 U.S.C. §§ 1391(b)(2). (D.I. 1). On May 29, 2015, Dropbox moved to transfer the action to this District (D.I. 24). On December 30, 2015, the Honorable Mary L. Cooper of the United States District Court, District of New Jersey ordered that this action be transferred to this Court (D.I. 36, 37). All parties have been served, and no party contests service.

**2.    FACTS**

**a. Synchronoss' Statement of Facts**

Plaintiff Synchronoss is a company incorporated under the laws of Delaware having a business address at 200 Crossing Blvd., 8th Floor, Bridgewater, New Jersey 08807. Synchronoss is a world leader in cloud solutions and software-based activation serving communication service providers across the globe. Synchronoss' technology solutions allow customers to connect, synchronize and activate connected devices and services that empower enterprises and consumers to live in a connected world. Its services include intelligent connectivity management and content synchronization, backup and sharing, as well as device and service procurement, provisioning, activation, and support, that enable communications service providers, cable operators/multi-services operators, original equipment manufacturers with embedded

connectivity, multi-channel retailers and other customers to accelerate and monetize their go-to-market strategies for connected devices.

Synchronoss is the owner of the three asserted Patents-in-Suit: (a) U.S. Patent 6,671,757, entitled "Data Transfer and Synchronization System" (the "'757 Patent") (D.I. 1-1); (b) U.S. Patent 7,587,446, entitled "Acquisition and Synchronization of Digital Media to a Personal Information Space" (the "'446 Patent") (D.I. 1-3); and (c) U.S. Patent 6,757,696, entitled "Management Server for Synchronization System" (the "'696 Patent") (D.I. 1-2) (collectively "the Patents"). On March 27, 2015, Synchronoss filed this action against Dropbox for infringement of the '757 Patent, '446 Patent, and '696 Patent. Synchronoss brings this action to stop Dropbox's continuing unlicensed use of Synchronoss' patented technology.

**b. Dropbox's Statement of Facts**

Since its founding in 2007 and launch in San Francisco in 2008, Defendant Dropbox, Inc. has revolutionized the way files are stored and shared on the internet. Dropbox's software and services enable the easy storage, synchronization and sharing of electronic files. The online services allow Dropbox's users—now totaling more than 500 million across more than 150 countries around the world—to easily and seamlessly collect, store, and share files across their multiple electronic devices, including computers and handheld devices.

Dropbox disputes Synchronoss' baseless claims. As set forth in Dropbox's motion to dismiss, the asserted claims of the Patents-in-Suit are invalid abstract ideas under 35 U.S.C. § 101 in light of *Alice Corp. v. CLS Bank Int'l.*, 134 S. Ct. 2347 (2014) and its progeny. The patents are further invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112, as will be shown through discovery, motions and trial. Setting aside the invalidity of the Patents-in-Suit, the accused products do not infringe any claim of the Patents-in-Suit.

**3. LEGAL ISSUES**

The following disputed factual and legal issues may need to be resolved as part of this case:

- The proper construction of disputed claim terms, if any, in the Patents-in-Suit;

- Whether Dropbox has infringed any or all of the Patents-in-Suit;
- Whether the Patents-in-Suit are invalid and/ or unenforceable;
- The amount of damages, if any;
- Whether Synchronoss is entitled to injunctive relief; and
- Whether the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling the prevailing part to reasonable attorney fees.

The parties reserve the right to raise additional factual or legal issues that may arise throughout the course of this action.

4. **MOTIONS**

   a. **Pending Motions:**

   Currently pending before the Court is Dropbox's Motion to Dismiss, filed on March 10, 2016 (D.I. 81). Synchronoss filed its Opposition to Dropbox's Motion to Dismiss on March 24, 2016 (D.I. 88). Dropbox filed its Reply on April 7 (ECF 93). On April 14, Synchronoss filed an administrative motion for leave to file a surreply. (ECF 95) Oral argument on the motion has been set for April 28, 2016 at 2:00pm before the Honorable Judge Haywood S. Gilliam, Jr.

   b. **Anticipated Motions:**

   The parties anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

5. **AMENDMENT OF PLEADINGS**

   Synchronoss is considering the issue of whether further amendments to its pleadings will be necessary. Dropbox has not yet answered or asserted its counterclaims, if any.

   The parties both reserve the right to make any such amendments.

6. **EVIDENCE PRESERVATION**

   The parties have reviewed the Northern District of California's Guidelines for Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer

Regarding ESI, including those portions related to evidence preservation. Additionally, the parties have met and conferred at their Rule 26(f) conference regarding evidence preservation. Each party represents that it has instituted reasonable document retention procedures to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

**7.     DISCLOSURES**

The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on March 21, 2016. Pursuant to the Federal Rules of Civil Procedure 26(a)(1)(C) and this Court's Order Setting Initial Case Management Conference (D.I. 38), the parties will both serve their initial disclosures on or before April 21, 2016. The parties each reserve their right to supplement their disclosures as discovery continues.

**8.     DISCOVERY**

   **a.     Discovery Taken to Date:**

The parties will both serve their initial disclosures on April 21, 2016.  No other discovery has been served or taken by either party.

   **b.     Scope of Discovery:**

Subject to the limitations to be agreed upon by the parties and to be filed in a [Proposed] Order for Discovery of Electronically Stored Information as described in Section 8.  Without waiving any objections, the parties anticipate that the scope of anticipated discovery includes all nonprivileged matter relevant to the claims, counterclaims, and defenses in this action, including without limitation discovery relating to: the Asserted Patents, including at least the alleged conception and reduction to practice of the claimed inventions, the prosecution of the patents, prior art to the patents, the state of the art at the time of the inventions claimed in the patents; licensing of the patents, including third-party discovery of the licensees; Plaintiffs' pre-suit investigation of Dropbox's alleged infringement; public documents and things concerning Dropbox's accused system; engineering documents; manuals; technical specifications and the design, development, operation, source code, marketing, advertising, sales, and support of the

accused Dropbox products; public documents and things concerning Synchronoss' embodying systems; engineering documents for Synchronoss' embodying systems; manuals for Synchronoss' embodying systems; technical specifications and the design, development, operation, source code, marketing, advertising, sales, and support of Synchronoss' embodying systems.

### c.    Limitations on Discovery

The parties agree that, other than as modified below, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure.

#### 1.    Depositions

**a.    Fact Witnesses** – The parties agree that each side shall be limited to 10 depositions of party witnesses including witnesses noticed under Fed. R. Civ. P. 30(b)(6). The time limitations of Rule 30(d)(1) shall apply to all depositions, unless otherwise agreed by the parties. The depositions of non-parties and testifying experts are not included within the total number of depositions allowed to each side.

**b.    Experts** – Each deposition of an expert witness shall be limited to seven (7) hours, unless otherwise agreed by the parties in light of the scope of testimony.

#### 2.    Interrogatories

The parties agree on a limit of 30 interrogatories per party.

#### 3.    Requests for Admission

Instead of the unlimited number of requests for admission permitted by the Federal Rules of Civil Procedure, the parties propose a limit of 50 requests for admission with respect to substantive matters. However, no limits shall be placed on the number of requests for admission concerning the authenticity of a document.

**d.    Discovery of ESI**

The parties have generally agreed to negotiate an agreement governing discovery of electronically stored information. The parties, however, are still negotiating the details of such an agreement.

**e.    Protective Order**

The parties agree that a protective order will be necessary in this case in light of the sensitive and proprietary information that will be exchanged during discovery. The Parties are currently negotiating the scope of a proposed protective order to govern this action. The parties understand that until then, Local Patent Rule 2-2 governs.

**f.    Electronic Service**

The parties agree to accept service by email. Service by email will be treated as service by hand delivery. The parties agree that service by email by 6:00 pm Pacific time on a given day will be treated as service by personal delivery that day. The parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email or otherwise and that ECF filing constitutes personal service as of the date and time such document was filed. The parties agree that documents filed under seal or manually must be served by email or other electronic means including FTP transfer within a reasonable time following a related ECF filing, and that the email service of such documents shall relate back to the time of the related ECF filing.

**g.    Privilege and Privilege Logs**

The parties are not required to log Privileged Materials dated after March 27, 2015 (the "cutoff date"). Information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created after the cut-off date do not need to be included on any privilege log.

In addition, Privileged Materials created by or on behalf of litigation counsel or exchanged with litigation counsel, regardless of their date, do not need to be included on any

- 7 -
JOINT CASE MANAGEMENT CONFERENCE STATEMENT PURSUANT TO FED. R. CIV. P. 26(F) AND CIV. L.R. 16-9
AND [PROPOSED] ORDER
CASE NO. 16-CV-00119-HSG

privilege log.  This exception applies to litigation counsel for any litigation involving any of the patents-in-suit.

### h.   Expert Discovery

The parties agree that the protections provided in FRCP 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Pursuant to FRCP 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless relied upon by the expert in forming his or her opinions. If an expert produces a report, the expert must produce his or her final report and all materials on which he or she relied.

## 9.   CLASS ACTIONS

Not applicable here.

## 10.   RELATED CASES

On February 16, 2016, this Court issued an Order to Relate the pending case styled *Synchronoss Technologies, Inc.  v. Egnyte*, Case No. 3:16-cv-00120-HSG. (D.I. 69).

## 11.   RELIEF

### a.   Requested by Synchronoss:

1. A judgment that the Patents-in-Suit are valid and enforceable;

2. A judgment that Dropbox has directly infringed the Patents-in-Suit;

3. An award of all damages recoverable under the laws of the United States and the laws of the State of California in an amount to be proven at trial;

4. An award of treble damages against Dropbox as a result of their willful

infringement;[1]

5. A permanent injunction enjoining and restraining Dropbox and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from directly infringing, the infringement of the Patents-in-Suit;

6. An accounting of all sales and revenues, together with pre-judgment and post-judgment interest.

7. A judgment and order requiring Dropbox to pay the costs of this action (including all disbursements) and all attorney's fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

8. Such other and further relief as this Court may deem just and equitable.

**b.  Dropbox's Position**

1. A judgment that the Patents-in-Suit are invalid;

2. A judgment that Dropbox has not infringed the Patents-in-Suit;

3. A judgment and order requiring Synchronoss to pay the costs of this action (including all disbursements) and all attorney's fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

4. Such other and further relief as this Court may deem just and equitable.

Dropbox has not answered Synchronoss's Complaint or filed its Counterclaims. Dropbox expressly reserves its ability to seek additional relief beyond that set forth here.

---

[1] At this time, Synchronoss is considering whether to amend its complaint to seek treble damages against Dropbox as a result of alleged willful infringement.

Furthermore, Dropbox objects to Synchronoss's assertion that it is seeking treble damages against Dropbox as a result of alleged willful infringement. Synchronoss has not alleged willful infringement in this matter.

**12.    SETTLEMENT AND ADR**

The parties discussed Alternative Dispute Resolution during the Rule 26(f) conference. Further, the ADR Phone Conference was conducted on April 1, 2016. The parties believe that ADR will be most productive after the *Markman* order has been entered. In the meantime, the parties are sophisticated commercial entities that have had, and will have, communications to explore whether early resolution of the matter is possible.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    OTHER REFERENCES**

The parties do not presently believe that the case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

**a.    Synchronoss' Position**

Synchronoss asserts that any narrowing of asserted claims, prior art references, or other issues should take place in the normal course of litigation and no sooner than after the claim construction order. Synchronoss has not yet identified the claims it asserts against Dropbox's products and will timely do so through its Infringement Contentions in accordance with Patent L.R. 3-1 and 3-2. The scope of the issues in this case will not be apparent until after the parties have exchanged infringement and invalidity contentions and disputed claim terms are construed by the Court. Thus, Sychronoss is not aware of any present or anticipated need to narrow the scope of the issues in this case, and neither party has moved for such relief. Synchronoss does not agree with Dropbopx's position that discovery conducted until the close of *Markman*

discovery should be limited on issues germane to the *Markman* proceedings, with merits fact discovery being pursued after the close of *Markman* discovery.

### b. Dropbox's Position

Dropbox believes that the issues in this case can be substantially narrowed, or resolved entirely, through early resolution of a motion for judgment on the pleadings on the issue of invalidity under 35 U.S.C. § 101 and *Alice*. The Federal Circuit has endorsed early resolution of such motions. *See, e.g.*, *I/P Engine, Inc. v. AOL Inc.*, 576 F. App'x 982, 996 (Fed. Cir. 2014) (Mayer, J. concurring).

At this time, Dropbox believes that discovery conducted until the close of *Markman* discovery should be focused on issues germane to the *Markman* proceedings, with merits fact discovery being pursued after the close of *Markman* discovery.

**16.    EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this case is appropriate for an expedited schedule.

**17.    SCHEDULING**

The parties' respective scheduling proposals are set forth in the chart attached hereto as **Appendix A**. Synchronoss believes that its proposed schedule is consistent with the Local Patent Rules and this Court's practice and is appropriate for this case.

**18.    TRIAL**

The case will be tried to a jury. The length of trial will depend on the parties' pretrial motions and the ability to narrow the issues. The parties request that the Court reserve two weeks for trial.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have each filed their "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16 (D.I. 58 and D.I. 78).

**20.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional

Conduct for the Northern District of California.

**21.    PATENT-RELATED ISSUES PURSUANT TO PATENT LOCAL RULE 2-1(A)**

### A. Proposed Modification of the Deadlines Provided for in the Patent Local Rules

The parties agree to schedule the Claim Construction Conference and associated briefing as proposed in Section 17 *supra* in order to prevent anticipated conflicts subject to accommodating the court and counsel's schedules, holidays, etc.

### B. Discovery Related to Claim Construction

Discovery related to claim construction will be subject to the limitations proposed for discovery generally in Section 8 *supra*.

### C. Format of the Claim Construction Hearing

Due to the number of patents in this case, the Parties may need to raise the limit on the number of claim terms subject to construction by the Court. The Parties are considering whether there is a need for any live testimony at the claim construction hearing. The parties do not anticipate that the hearing will exceed one day.

### D. How the Parties Intend to Educate the Court on the Technology at Issue

The parties agree that a tutorial would be appropriate for educating the Court about the technology at issue in this case. The parties request that each side have a half-day to present tutorials on the technology at issue in this matter to the Court prior to the Claim Construction Hearing.

# Appendix A:

## Proposed Case Schedule

| Event | Order or Local Rule | Synchronoss Proposed Deadline | Dropbox Proposed Deadline |
|---|---|---|---|
| Initial Disclosures (FRCP 26(a)) | April 21, 2016 | Agreed | Agreed |
| Joint Report (FRCP 26(f)) | April 21, 2016 | Agreed | Agreed |
| Initial Case Management Conference | April 28, 2016 | Agreed | Agreed |
| ESI Stipulation | | May 13, 2016 | Agreed |
| Stipulated Protective Order | | May 13, 2016 | Agreed |
| Synchronoss' Disclosure of Asserted Claims and Infringement Contentions and accompanying document production due (Patent L.R. 3-1 and 3-2) | May 12, 2016 | June 13, 2016[2] | Agreed |
| Dropbox's Invalidity Contentions and accompanying document production due (Patent L.R. 3-3 and 3-4) | Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" | July 28, 2016 | Agreed |

---

[2] The parties propose June 13 given the pending Motion to Dismiss filed by Dropbox (ECF 81), the fact that Dropbox has not yet answered the complaint and unavailability of Synchronoss' counsel from May 9 through 17 due to a trial at the International Trade Commission in another matter.

| | | | |
|---|---|---|---|
| Parties exchange proposed claim terms for construction (Patent L.R. 4-1) | Not later than 14 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3 | August 11, 2016 | Agreed |
| Parties exchange proposed constructions for the identified claim terms and identify all supporting evidence and experts (Patent L.R. 4-2) | Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1 | September 1, 2016 | Agreed |
| Joint Claim Construction Prehearing Statement due (Patent L.R. 4-3) | Not later than 60 days after service of the "Invalidity Contentions" | September 27, 2016 | Agreed |
| Deadline to complete all discovery related to claim construction (Patent L.R. 4-4) | Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement | October 26, 2016 | Agreed |
| Synchronoss' opening claim construction brief due (Patent L.R. 4-5(a)) | Not later than 45 days after service and filing of the Joint Claim Construction and Prehearing Statement | November 8, 2016 | Agreed |
| Dropbox's responsive claim construction brief due (Patent L.R. 4-5(b)) | Not later than 14 days after service of the opening brief | November 22, 2016 | Agreed |
| Synchronoss' reply claim construction brief due (Patent L.R. 4-5(c)) | Not later than 7 days after service of the responsive brief | December 5, 2016 | Agreed |

| | | | |
|---|---|---|---|
| Dropbox's reply claim construction brief (addressing new issues raised in Synchronoss' reply brief) | Based on the Patent Local Rules, no such brief is necessary. | | |
| Claim construction tutorial | One or two days prior to the claim construction hearing, or at the convenience of the Court | January 5, 2017 | Agreed |
| Claim construction hearing (Patent L.R. 4-6) | | January 6, 2017 | Agreed |
| Deadline for disclosure of materials associated with any opinion of counsel upon which the party intends to rely (Patent L.R. 3-7) | 50 days after the claim construction order (per Patent L.R. 3-7) | March 8, 2017 | Agreed |
| Deadline to amend the pleadings without filing a motion seeking leave to amend the pleadings | 30 days after the claim construction order | March 28, 2017 | Agreed |
| Deadline to complete fact discovery | | May 12, 2017 | Agreed |
| Initial expert disclosures and reports due | | June 2, 2017 | Agreed |

| | | | |
|---|---|---|---|
| Rebuttal expert disclosures and reports due | | July 14, 2017 | Agreed |
| Should Plaintiff serve one or more rebuttal reports regarding objective indicia of non-obviousness, Defendant's responsive expert reports limited solely to objective indicia of non-obviousness | | August 4, 2017 | Agreed |
| Deadline to complete expert discovery | | October 6, 2017 | Agreed |
| Dispositive and *Daubert* motions due | | November 2, 2017 | Agreed |
| FRCP 26(a)(3) Disclosures and Final pretrial conference | | February 13, 2018 | Agreed |
| Commencement of jury trial | | Approximately 34 months from date this case was filed in March 27, 2015, subject to the Court's convenience<br><br>February 26, 2018 | Approximately 34 months from date this case was filed in March 27, 2015, subject to the Court's convenience<br><br>February 26, 2018 |

- 4 -
JOINT CASE MANAGEMENT CONFERENCE STATEMENT PURSUANT TO FED. R. CIV. P. 26(F) AND CIV. L.R. 16-9
AND [PROPOSED] ORDER
CASE NO. 3:16-CV-00119-HSG

| | | |
|---|---|---|
| 1 | Dated: April 21, 2016 | Respectfully submitted, |
| 2 | | **DENTONS US LLP** |
| 4 | | By: ___/s/ Sarah S. Eskandari___ |
| 5 | | SARAH S. ESKANDARI (SBN 271541)<br>DENTONS US LLP |
| 6 | | 525 Market Street, 26th Floor<br>San Francisco, CA 94105-2708 |
| 7 | | Telephone: (415) 882-5000<br>Facsimile: (415) 882-0300 |
| 8 | | Email: sarah.eskandari@dentons.com |
| 9 | | MARK L. HOGGE (Pro Hac Vice) |
| 10 | | SHAILENDRA K. MAHESHWARI (Pro Hac Vice)<br>NICHOLAS H. JACKSON (SBN 269976) |
| 11 | | DENTONS US LLP<br>1900 K Street, N.W. |
| 12 | | Washington, DC 20006 |
| 13 | | Telephone: (202) 408-6400<br>Facsimile: (202) 408-6399 |
| 14 | | Email: mark.hogge@dentons.com<br>Email: shailendra.maheshwari@dentons.com |
| 15 | | Email: nicholas.jackson@dentons.com |
| 16 | | JOEL N. BOCK (Pro Hac Vice) |
| 17 | | DENTONS US LLP<br>101 JFK Parkway |
| 18 | | Short Hills, New Jersey 07078-2708<br>Telephone: (973) 912-7100 |
| 19 | | Facsimile: (973) 912-7199<br>Email: joel.bock@dentons.com |
| 21 | | *Attorneys for Plaintiff*<br>*Synchronoss Technologies, Inc.* |

- 5 -
JOINT CASE MANAGEMENT CONFERENCE STATEMENT PURSUANT TO FED. R. CIV. P. 26(F) AND CIV. L.R. 16-9
AND [PROPOSED] ORDER
CASE NO. 3:16-CV-00119-HSG

| | | |
|---|---|---|
|1| Dated:  April 21, 2016 | Respectfully submitted, |

TAYLOR & COMPANY LAW OFFICES, LLP


By: ___*/s/ Jonathan Patchen*___
STEPHEN E. TAYLOR (SBN 058452)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, CA 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jpatchen@tcolaw.com

THOMAS H.L. SELBY (*pro hac vice*)
DAVID M. KRINSKY (*pro hac vice*)
ADAM D. HARBER (*pro hac vice*)
CHRISTOPHER J. MANDERNACH (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: tselby@wc.com
E-mail: dkrinsky@wc.com
E-mail: aharber@wc.com
E-mail: cmandernach@wc.com

*Attorneys for Defendant*
*Dropbox, Inc.*

- 6 -
JOINT CASE MANAGEMENT CONFERENCE STATEMENT PURSUANT TO FED. R. CIV. P. 26(F) AND CIV. L.R. 16-9
AND [PROPOSED] ORDER
CASE NO. 3:16-CV-00119-HSG

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:_____                    _____

                                          UNITED STATES DISTRICT JUDGE

                                          HAYWOOD S. GILLIAM JR.

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below I caused to be served the Joint Case Management Conference Statement Pursuant to Fed. R. Civ. P. 26(F) and Civ. L.R. 16-9 and [Proposed] Order via the Court's CM/ECF system upon all counsel of record registered to received electronic filings as indicated on the Court's website, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5-1.

Dated: April 21, 2016                                    By:  */s/ Sarah S. Eskandari*