1    [Counsel listed on signature page]

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                      **NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN FRANCISCO DIVISION**

11

12    SYNCHRONOSS TECHNOLOGIES, INC.,        Case No. 3:16-cv-00119-HSG

13                        Plaintiff,          **STIPULATED PROTECTIVE ORDER**

14            v.

15    DROPBOX, INC.,                          Judge:  Hon. Haywood S. Gilliam, Jr.

16                        Defendant.          Complaint Filed:    March 27, 2015
                                             Case Transferred:   January 8, 2016
17

18

19

20

21

22

23

24

25

26

27

### STIPULATED PROTECTIVE ORDER

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action ("Action") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Synchronoss Technologies, Inc. ("Synchronoss") and Defendant Dropbox, Inc. ("Dropbox") (each a "Party," and collectively, the "Parties") hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Protective Order"). This Protective Order shall govern all discovery and information (whether or not embodied in any physical medium) exchanged during the Action, including but not limited to documents produced by the parties or non-parties, testimony taken at a hearing or other proceeding, deposition testimony, interrogatory answers, and responses to requests for admission.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

1.1.   <u>DISCOVERY RULES REMAIN UNCHANGED</u>

Nothing herein shall alter or change in any way the discovery or disclosure provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure and the Court's deadlines and procedures set out in the

applicable Scheduling Order.  Nothing in this Order shall be construed to require a Party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" representing human-readable programming language text or computer code defining firmware and/or software functionalities, and any of the associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10   House Counsel: attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party.

2.12   Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.   Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   After the inspecting Party has identified

the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of

all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice ("Notice") of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the Notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the Notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to downgrade the confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the Notice or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to respond to a motion to downgrade confidentiality as described above, all parties shall continue

to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.     Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Up to two (2) Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) who does not, and shall not, engage in

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

10

competitive decision-making[2] regarding cloud data synchronization and back-up technology products;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

---

[2] For purposes of this Order, the phrase "competitive business decision-making" does not include purely legal decision-making responsibilities relating to cloud data synchronization and back-up technology products, including, for example, responsibilities for managing, conducting or overseeing due diligence related to mergers and acquisitions, litigations, *inter partes* or post-grant review proceedings; advising business decision-makers regarding the status of litigations, *inter partes* or post-grant review proceedings; or negotiating or executing agreements to settle litigations, *inter partes* or post-grant review proceedings, including responsibilities related to any financial terms of such an agreement.

disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Up to two (2) Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (3) who does not, and shall not, engage in competitive decision-making regarding cloud data synchronization and back-up technology products, and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];[3]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[3] Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE," and shall be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only in the presence of Outside Counsel of Record at their offices.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities.[4]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time

---

[4] Any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order shall disclose any relevant changes in job duties or responsibilities within 15 business days of any such changes.

during the preceding five years,[5] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[6]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer

---

[5] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[6] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code as defined in Section 2.9 above.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel, who shall not have access to Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(c)    Unless otherwise agreed to in writing between the Designating Party and the Receiving Party, a Receiving Party may only review Source Code on "stand alone" computers (*i.e.*, password-protected computers that are not networked together by a wired or wireless network and are not connected to any network, internet or peripheral device except that the stand-alone computers may be connected to printer or printers), maintained in a secure, locked area at (i) for Dropbox at the offices of Taylor & Patchen LLP in San Francisco, California, and (ii) for Synchronoss at the offices of Dentons US LLP in San Francisco, California, or at other locations if mutually agreed to by the parties.  Access is to be made available during regular business hours (9:00 a.m. to 6:00 p.m. local time), on non-holiday weekdays upon reasonable

notice to the Producing Party, which shall not be less than five (5) business days in advance of the requested inspection.

(d)     The electronic source code shall be made available for inspection in an uncompressed and unobfuscated human-readable form.

(e)     In advance of a Source Code inspection, the parties shall meet and confer about the tools that will be installed on the secured computer for viewing and searching the Source Code produced.   The Receiving Party's Outside Counsel and/or Experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer at the Receiving Party's expense if there is a fee associated with obtaining the software tools.  The Receiving Party must provide the Producing Party with the CD or DVD containing or an Internet URL link to access such software tool(s) at least five (5) business days in advance of the inspection.  The Producing Party may decline to install any requested inspection software if the software represents any unreasonable risk of compromising security of the Source Code or the Source Code computer, or the software could be used for any other illegitimate purpose in contravention of the Protective Order, however if such denial occurs, it may not be unreasonable and the Producing Party shall inform the Receiving Party in writing of the reason for the denial.   For emphasis, it should be noted that the tools for reviewing source code may not be used to circumvent the protections of this Protective Order in any way.

(f)     The Producing Party may not configure its source code or the stand-alone computer in a manner that allows the Producing Party to monitor the Receiving Party's inspection (*e.g.*, key logging, video capture, etc.) of the code.

(g)     The parties will produce Source Code in computer searchable format.  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Designating Party may visually monitor the activities of the Receiving Party's representative(s) during any Source

Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except that the Receiving Party may request paper copies of limited portions of the Source Code as reasonably necessary to prepare court filings and expert reports.  The Designating Party shall provide such paper copies of the Source Code within five (5) business days so long as the Receiving Party's request is reasonable.

(h)    If the Designating Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Designating Party shall make such objection known to the Receiving Party within five (5) business days.  If after meeting and conferring the Designating Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Receiving Party may seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity.  Contested Source Code print outs need not be produced to the Receiving Party until the matter is resolved by the Court.

(i)    The Designating Party will provide the paper copies to the Receiving Party with affixed Bates number labels and confidentiality labels stating "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may produce the printed pages on watermarked or colored paper.  The Receiving Party may request up to three additional sets (or subsets) of printed Source Code, to be provided by the Producing Party in a timely fashion.  The Receiving Party shall not print Source Code to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing the Source Code electronically on the stand-alone computer supplied by the Producing Party.  The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel at all times.  No additional copies of such code may be made except as provided herein.

(j)    The Receiving Party of printed copies of Source Code must keep such printed copies in a secured container or location at all times.  Paper copies of Source Code may not be

copied and may not be removed from a secured container or location unless in a secured, private area.  Notwithstanding the foregoing sentence, Outside Counsel may make copies of the paper copies of Source Code for use as exhibits in court proceedings and at depositions.  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other filings without prior permission for filing such Source Code under seal by either the Designating Party or the Court.  For clarity and the avoidance of doubt, to the extent that a Receiving Party believes that it is necessary to file under seal certain excerpts of "HIGHLY CONFIDENTIAL – SOURCE CODE," the Receiving Party may request permission from the Designating Party to file such excerpts under seal.  To the extent that the Parties are unable to resolve any such dispute, the Receiving Party may seek relief from the Court.

(k)     In the event the Source Code provided by a Party does not contain search tools satisfactory to a Receiving Party, the Receiving Party may use diagnostic software to perform searches of the Source Code with the approval of the Designating Party; however, no portions of the Source Code may be downloaded.

(l)     The Outside Counsel or Experts of a Receiving Party may take notes during any Source Code inspection but may not copy portions of the Source Code into such notes.  Any such notes must be marked on each page with "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Outside Counsel or Experts of a Receiving Party inspecting Source Code may use a non-networked laptop to take notes so long as the laptop does not contain a camera.  All I/O ports on the laptop must be disabled.  Laptops that enter the Source Code inspection room are subject to physical inspection.  Furthermore, a laptop that enters the Source Code inspection room shall be placed in a secure location away from the source code computer in an area designated by the Producing Party, and not moved from the designated area during the inspection.

(m)    To the extent necessary, the Receiving Party may leave work product or other materials to which it claims privilege stored on the computer(s) on which the Source Code has

been provided for a period not to exceed seven (7) calendar days.  After notification by the Receiving Party that such work product or other materials to which it claims privilege are stored on the computer(s), personnel of the Designating Party may not examine the contents of the machine on which the Source Code has been provided, except for administrative reasons upon 48 hours' notice explaining the reason for the necessity to examine the machine.  At the expiration of this seven (7) calendar day period, the Receiving Party will remove any such work product or other materials to which it claims privilege and the Designating Party will no longer be restricted in its access to the machine.  Nothing in this clause restricts a Party's ability to continue its review of the Source Code for longer than seven (7) days, or entitles a Party to an inspection period of at least seven (7) days.

(n)     Any paper copies designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel for the Receiving Party, (ii) the offices of Experts who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.

(o)     A list of names of persons who will view the Source Code will be provided to the Designating Party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Designating Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log upon request.  No input/output device and recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, USB memory sticks, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code reviewing room.  All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to

19

insure they are not carrying any prohibited items before they will be given access to the "stand-alone computer" containing the Source Code.

(p)     Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts (including transient electronic copies) as necessary to use as exhibits to deposition, or to file, draft, and serve expert reports or court filings.  The Receiving Party may create an electronic image of a limited excerpt of the "HIGHLY CONFIDENTIAL –SOURCE CODE" only when the electronic files containing such an image has been encrypted using commercially reasonable encryption software including password protection and the password sent under separate cover.

(q)     The Receiving Party's Outside Counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under paragraph 7.3 above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code.

(r)     Except as otherwise provided herein, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).   The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").   The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties

(references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.  The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."

(s)    To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

(t)    All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(u)    The Receiving Party's Outside Counsel may only disclose a copy of the Source Code to individuals specified in paragraph 7.3 above (e.g., Source Code may not be disclosed to Designated House Counsel).

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's express permission in writing. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    <u>INADVERTENT DISCLOSURE OF PRIVILEGED OR PROTECTED MATERIAL</u>

There is no waiver of, or impairment to, any claim of the attorney-client privilege, work product immunity, or any other applicable protection from disclosure should material(s) be produced, which the Designating Party believes are protected from disclosure by such privilege or immunity and which were inadvertently produced.  In the event that Outside Counsel for a Designating Party in this Action or the responsible attorney for a Non-Party learns that a

document or other item subject to immunity from discovery on the basis of attorney-client privilege, work product or other valid basis has been produced inadvertently, such Outside Counsel or the responsible attorney for a Non-Party shall notify the Receiving Party or Parties promptly after so learning that such inadvertent production has been made.  Within five (5) days of receiving written notice from the Designating Party, the Receiving Party shall take all reasonable measures to return or destroy the originals and all copies of the privileged or immune material(s) and the shall notify the Designating Party that it has complied with this provision. Any analysis, memoranda, or notes that were internally generated based upon such inadvertently-produced material shall immediately be destroyed or revised to omit such information.   If additional copies of inadvertently produced material or any analysis, memoranda, or notes that were internally generated is subsequently discovered by the Receiving Party to be within the said Receiving Party's control, all reasonable efforts should be made to comply with the provisions. The Designating Party shall promptly provide an appropriate privilege log for the inadvertently produced documents, including the date, author, addressee(s), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature.  The Receiving Party shall not seek an order compelling production of the inadvertently disclosed documents on the ground that the Designating Party has waived or is estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  Such inadvertent disclosure shall not result in the waiver of any associated privilege or immunity.   Outside Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

The return of documents or materials by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or any other

applicable privilege, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege, work-product immunity or any other applicable privilege.  Any motion to the Court challenging the Designating Party's claim(s) of privilege or immunity shall not assert as a ground for production, however, the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any way in connection with any such motion.  The parties expressly acknowledge that documents that are inadvertently produced cannot be sequestered by a Receiving Party for submission to the Court.

Should any information designed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" be disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Order, then the Receiving Party shall use its best efforts to bind such person to the terms of this Order; and the Receiving Party shall (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Designating Party; and (c) request such person to sign the Protective Order in the form attached as Exhibit A.  The executed agreement shall promptly be served upon the Designating Party. The Court may, upon noticed motion, order such further and additional relief as it deems necessary and just.

12.   PROSECUTION BAR

12.1   Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to cloud data synchronization and back-up technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent

Office") on behalf of a Party to this Action.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.   To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).  Notwithstanding anything in this paragraph, persons receiving "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" may not, however, participate in, or be involved with, drafting new claims or claim amendments in connection with such a challenge.

12,2    This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

12.3    The Parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviewed the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information and shall not be imputed to any other persons or attorneys at the attorneys' law firm.

13.    <u>ACQUISITION BAR</u>

13.1    Any person reviewing any of an opposing party's "HIGHLY CONFIDENTIAL – SOURCE CODE" materials shall not, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals), give advice as to which patents to acquire on behalf of a Party  relating to cloud data synchronization or back-up technology. This Acquisition Bar does not prevent counsel from otherwise engaging in the acquisition process by providing legal advice, such as offering opinions as to patent validity or standing. Nothing in this Acquisition Bar precludes counsel in this Action from advising as to proposed settlements to this Action or other litigations including, for example, by licensing or assigning patents or patent applications.

14.    <u>MISCELLANEOUS</u>

14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.  This Order may be modified by this Court for good cause shown or by mutual written agreement between the parties and this Court's approval of such agreement.  The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of this Action.

14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court,

then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.5   <u>Continuing Jurisdiction</u>.  After the conclusion of this Action, the provisions of this Protective Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Protected Material pursuant to this Protective Order, in order to enforce the provisions of this Protective Order.

14.6   <u>Interpretation.</u>  Should the Parties have any issues concerning the interpretation of this Protective Order, before any Party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute. The headings used in this Protective Order are supplied for convenience only and shall not be taken into account in the interpretation of this Protective Order.

14.7   <u>Outside Counsel's Communication with Client.</u> Nothing in this Protective Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client based on their review and evaluation of Protected Materials produced by the opposing Party, provided that such communications or advice shall not disclose or reveal Protected Information in violation of this Protective Order.

14.8   <u>No Probative Value.</u>  This Protective Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Material.  The fact that information is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." This Protective Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is

or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the party complies with the procedures set forth herein.  The fact that any information is disclosed, used or produced in any court proceeding in this Action shall not be offered in any action proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential or proprietary.

14.9    <u>Logging of Privileged Materials</u>.  The Parties agree that their privilege logs need not identify attorney-client privileged or work-product protected documents or communications created subsequent to March 27, 2015.  In addition, Privileged Materials created by or on behalf of litigation counsel or exchanged with litigation counsel, regardless of their date, do not need to be included on any privilege log.  This exception applies to litigation counsel for any litigation involving any of the patents-in-suit.

14.10    <u>Back-Up Materials</u>.  Materials retained primarily for back-up or disaster recovery purposes, whether in tape, floppy disk, optical disk, or similar formats, are considered not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B) and, accordingly, are not subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval.  Furthermore, archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of the Designating Party's business operations need not be searched or produced absent good cause, but also subject to the Designating Party's claim of undue burden or cost.  The Parties will meet and confer as to good cause on this issue.  If the parties cannot reach an agreement, the Receiving Party may raise this issue with the Court; however, production of such documents shall not be required absent a Court Order obtained for good cause shown.  The Receiving Party shall bear the burden of establishing that good cause exists for search or production of the Protected Information sought.

14.11    <u>Changing the Designation of Discovery Material</u>.  In the event any party desires to change the designation of Discovery Material that is produced from no designation to

1   "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or

2   "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – COMPUTER SOURCE

3   CODE," or from one such designation to another, such party may do so by notice in writing

4   specifically identifying the Discovery Material and furnishing a copy of such Discovery

5   Material with the new designation.  In such event, the Receiving Party shall thereafter treat

6   such information with the new designation pursuant to this Order, as well as undertake a good

7   faith effort to correct any treatment of the information inconsistent with the new designation.

8       15.    <u>FINAL DISPOSITION</u>

9       Within 60 days after the final disposition of this action, as defined in paragraph 4, each

10   Receiving Party must return all Protected Material to the Producing Party or destroy such

11   material and certify to the Producing Party as to the destruction.  As used in this subdivision,

12   "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

13   format reproducing or capturing any of the Protected Material.  Whether the Protected Material

14   is returned or destroyed, the Receiving Party must submit a written certification to the

15   Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day

16   deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

17   returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

18   abstracts, compilations, summaries or any other format reproducing or capturing any of the

19   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

20   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

21   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

22   product, and consultant and expert work product, even if such materials contain Protected

23   Material.  Any such archival copies that contain or constitute Protected Material remain subject

24   to this Protective Order as set forth in Section 4 (DURATION).  Any destruction obligations

25   under this Order shall not apply to electronically-stored information in archival form stored on

26   back-up tapes or other media including, without limitation, computer servers, external hard

27   drives, notebooks, and personal computer hard drives, provided that such electronic archives

are not used as reference materials by counsel for the Receiving Party or for a Receiving Party's business operations.

SIGNED this 8th day of February , 2017.

_____
HONORABLE HAYWOOD S. GILLIAM JR.
UNITED STATES DISTRICT JUDGE

**IT IS SO STIPULATED.**

Dated this 3rd day of February, 2017.

Dated this 3rd day of February, 2017.

_/s/  Sarah S. Eskandari_
SARAH S. ESKANDARI (SBN 271541)
DENTONS US LLP
One Market Plaza,
Spear Tower, 24th Floor
San Francisco, CA 94105
Telephone: (415) 267-4000
Facsimile: (415) 267-4198
Email: sarah.eskandari@dentons.com

MARK L. HOGGE (_pro hac vice_)
SHAILENDRA K. MAHESHWARI
(_pro hac vice_)
NICHOLAS H. JACKSON (SBN 269976)
DENTONS US LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 408-6400
Facsimile: (202) 408-6399
Email: mark.hogge@dentons.com
Email: shailendra.maheshwari@dentons.com
Email: nicholas.jackson@dentons.com

JOEL N. BOCK (_pro hac vice_)
DENTONS US LLP
101 JFK Parkway
Short Hills, New Jersey  07078-2708
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: joel.bock@dentons.com

_Attorneys for Plaintiff_
_Synchronoss Technologies, Inc._

_/s/ Jonathan Patchen_
STEPHEN E. TAYLOR (SBN 058452)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & PATCHEN, LLP
One Ferry Building, Suite 355
San Francisco, CA 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: staylor@taylorpatchen.com
E-mail: jpatchen@taylorpatchen.com

THOMAS H.L. SELBY (_pro hac vice_)
DAVID M. KRINSKY (_pro hac vice_)
ADAM D. HARBER (_pro hac vice_)
CHRISTOPHER J. MANDERNACH (_pro hac vice_)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: tselby@wc.com
E-mail: dkrinsky@wc.com
E-mail: aharber@wc.com
E-mail: cmandernach@wc.com

_Attorneys for Defendant_
_Dropbox, Inc._

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., | Case No. 3:16-cv-00119-HSG |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| | Judge:  Hon. Haywood S. Gilliam, Jr. |
| DROPBOX, INC., | |
| Defendant. | Complaint Filed:    March 27, 2015 |
| | Case Transferred:   January 8, 2016 |

## EXHIBIT A

## WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order dated,_____ _____,  2017, entered in the Northern District of California in the case entitled *Synchronoss Technologies, Inc. v. Dropbox, Inc.*, Civil Action No. 3:16-cv-00119-HSG.

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the Northern District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Discovery Materials marked "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – COMPUTER SOURCE CODE" to anyone other than persons specifically authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No. _____

Relationship to this action and its parties: _____

_____

Dated: _____          _____
                                                        Signature