UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX INC., et al.,<br><br>Defendants. | Case No. 4:16-cv-00119-HSG (KAW)<br><br>**ORDER REGARDING 7/19/17 JOINT LETTER**<br><br>Re: Dkt. No. 134 |

On July 19, 2017, the parties filed a joint letter seeking guidance concerning the timing of disclosures under the Patent Local Rules. (Joint Letter, Dkt. No. 134.) Specifically, the parties dispute whether the expert declarations the parties intend to use in support of their respective claim construction positions must be served on the disclosure date for Patent Local Rule 4-2 or 4-3. (Joint Letter at 1.) Upon review of the joint letter, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, finds that the *Markman*-related expert declarations must be served with the Joint Claim Construction and Prehearing Statement, in accordance with Patent Local Rule 4-3.

## I. BACKGROUND

On June 23, 2017, the parties exchanged proposed claim terms for construction pursuant to Patent Local Rule 4-1. (Joint Letter at 1.) Three weeks later, on July 14, 2017, the parties served disclosures pursuant to Patent Local Rule 4-2. *Id.* Pursuant to Patent Local Rule 4-3, the Joint Claim Construction and Prehearing Statement is due on August 8, 2017. *Id.* The deadline to complete discovery related to claim construction is September 7, 2017. *Id.* Synchronoss's opening claim construction brief is due September 22, 2017. *Id.*

On June 29, 2017, Dropbox wrote Synchronoss to negotiate a schedule for the exchange of

*Markman*-related expert declarations. *Id.* Synchronoss indicated that it did not believe such a schedule was necessary, because it believed that expert declarations, if any, were due on the date of the 4-2 exchanges, which occurred on June 23, 2017. *Id.* The parties met and conferred and were unable to resolve the instant dispute without court intervention. *Id.*

## II. LEGAL STANDARD

The Northern District adopted the Patent Local Rules to streamline patent cases. Patent Local Rule 4-2 requires the parties to exchange their preliminary proposed constructions for disputed claim terms, as well as the support for those proposed constructions. Patent L.R. 4-2(b). The rule requires parties who may rely on expert testimony to "provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction." Patent L.R. 4-2(b).

Patent Local Rule 4-3 sets forth the requirements for the Joint Claim Construction and Prehearing Statement. The rule similarly requires the identification of "any extrinsic evidence known to the party on which it intends to rely either to support its construction or to oppose any other party's proposed construction," including "testimony of percipient and expert witnesses." Patent L.R. 4-3(b).

## III. DISCUSSION

Here, the parties disagree on when *Markman*-related expert declarations must be exchanged. Dropbox contends that the Rule 4-3 deadline applies, because to require the parties to exchange full declarations prior to the narrowing of the number of construed terms would require them to expend resources addressing terms that may be undisputed. (Joint Letter at 2-3.)

Synchronoss argues that the Rule 4-2 deadline applies, because the requirement to provide a "description" of the proposed testimony and opinions to be rendered is actually a requirement to produce the "the declarations or expert reports that the party intends to rely on to support its constructions." (Joint letter at 4.) Otherwise, it would be impossible to offer a rebuttal expert report without reviewing the initial expert report that is to be rebutted. *Id.*

To the contrary, courts in this district have found that Patent Local Rule 4-3(b) requires the filing of any expert report or declaration simultaneously with the Joint Claim Construction and

Prehearing Statement." *Tristrata, Inc. v. Microsoft Corp.*, No. 11-CV-03797-JST, 2013 WL 12172909, at *2 (N.D. Cal. May 13, 2013)(citing *Largan Precision Co. v. Fujifilm Corp.*, No. C 10-01318 SBA, 2012 WL 4097719, at *4 (N.D. Cal. Sept. 17, 2012)); *see also GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-CV-03590-JST, 2017 WL 2335377, at *3 (N.D. Cal. May 30, 2017). While Synchronoss's position is well taken, Rule 4-2(b)'s requirement that all potential experts be identified—along with a description of the substance of the proposed testimony and any opinions to be rendered in connection with claim construction—should be sufficient to offer a rebuttal expert report.[1] Moreover, the failure of either party to comply with Rule 4-2 could be grounds for a future motion to strike. Accordingly, the undersigned declines to depart from this district's view that expert reports and declarations must be filed simultaneously with the Joint Claim Construction and Prehearing Statement, pursuant to Patent Local Rule 4-3.

## IV. CONCLUSION

In light of the foregoing, the Court finds that claim construction-related expert reports and declarations, if any, must be served by August 8, 2017, the Patent Local Rule 4-3 disclosure date, such that they are not yet delinquent. Accordingly, Synchronoss's motion to strike the expert declarations is DENIED.

IT IS SO ORDERED.

Dated: July 31, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] If the parties believe they require more time for rebuttal, they are welcome to meet and confer on an alternate schedule. Any requests to alter the claim construction briefing schedule, however, must be approved by the presiding judge.

3