UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> DROPBOX INC., et al., <br> Defendants. | Case No. 4:16-cv-00119-HSG (KAW) <br><br> **ORDER REGARDING 8/29/17 JOINT DISCOVERY LETTER** <br> Re: Dkt. No. 140 |

On August 29, 2017, the parties filed a joint letter regarding the propriety of Synchronoss's rebuttal expert declaration in support of the joint claim construction statement. (Joint Letter, Dkt. No. 140.) In the undersigned's July 31, 2017 order, the Court found that *Markman*-related expert declarations must be served with the Joint Claim Construction and Prehearing Statement, in accordance with Patent Local Rule 4-3. (7/31/17 Order, Dkt. No. 135 at 1.) Specifically, the Court found that "Rule 4-2(b)'s requirement that all potential experts be identified—along with a description of the substance of the proposed testimony and any opinions to be rendered in connection with claim construction—should be sufficient to offer a rebuttal expert report." *Id.* at 3. Thus, the Court found that "claim construction-related expert reports and declarations, if any, must be served by August 8, 2017, the Patent Local Rule 4-3 disclosure date." *Id.*

On August 8, 2017, the parties filed the Joint Claim Construction and Prehearing Statement, which included a supporting declaration from Dropbox expert Dr. Michael Freedman. Now, Synchronoss attempts to use the rebuttal declaration of Christopher Alpaugh to support its claim construction position, by arguing that Dropbox's Rule 4-2 disclosures, which were served on July 14, 2017, were deficient on the grounds that they "failed to offer any 'description of the substance of the proposed testimony.'" (Joint Letter at 2.) In opposition, Dropbox argues that this

is an attempt to contravene the Rule 4-3 deadline, because, if Synchronoss truly believed that Drobox's earlier disclosures were deficient, Synchronoss should have said something before the August 8, 2017 deadline instead of waiting until August 25, 2017 to serve—without leave of court—its rebuttal expert declaration. (Joint Letter at 4.) This is well taken. Indeed, in the July 31, 2017 order, the undersigned expressly stated that "[i]f the parties believe they require more time for rebuttal, they are welcome to meet and confer on an alternate schedule. Any requests to alter the claim construction briefing schedule, however, must be approved by the presiding judge." (7/31/17 Order at 3 n. 1.)

Instead, the parties did not meet and confer prior to the August 8, 2017 deadline[1] nor did they receive approval from the presiding judge to extend the claim construction deadlines. As a result, Dropbox did not know that its 4-2 disclosures were apparently deficient until more than a month after they were served, and well after any opportunity to correct those perceived deficiencies had passed. The decision to wait and see the contents of Dr. Freedman's declaration on August 8, 2017 was Synchronoss's, and so it is only fair that Synchronoss bear the burden of that litigation strategy.

Accordingly, the Court denies Synchronoss's request to strike portions of Dr. Freedman's declaration, and grants Dropbox's request to strike the declaration of Christopher Alpaugh.

IT IS SO ORDERED.

Dated: September 5, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Synchronoss's willingness to produce its expert for deposition prior to the claim construction hearing is clearly prejudicial to Dropbox absent an extension of the claim construction deadlines, and the opportunity to submit its own rebuttal.