[Counsel listed on signature page]

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> DROPBOX, INC., <br><br>    Defendant. | Case No. 4:16-cv-00119-HSG-KAW <br><br> **FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** <br><br> **JURY TRIAL DEMANDED** <br><br> Date:  January 9, 2018 <br> Time:  2:00 p.m. <br> Location: Courtroom 2, 4th Floor <br><br> Judge: Hon. Haywood S. Gilliam, Jr. <br><br> Complaint Filed:   March 27, 2015 <br> Case Transferred:  January 8, 2016 |

Pursuant to this Court's Order dated December 7, 2017 (D.I. 168), this Court's Civil and Patent Local Rules, the Standing Order for All Civil Cases Before District Judge Haywood S. Gilliam, and the Standing Order for Patent Cases Before District Judge Haywood S. Gilliam, the parties to the above-titled action, Plaintiff Synchronoss Technologies, Inc. ("Synchronoss") and Defendant Dropbox, Inc. ("Dropbox") (collectively "the parties") hereby submit this Further Joint Case Management Conference Statement and [Proposed] Order. The parties submit this Further Joint Management Conference Statement to update the Court on the status of the case following the Claim Construction Order. The parties refer this Court to the prior joint case management conference statement filed on December 30, 2016 for an outline of the prior agreements between the parties and disclosures made to the court. (D.I. 113). Any issues not addressed herein were already addressed in the prior joint case management conference statement and there are no changes or updates since then unless addressed below.

I. **JURISDICTION AND SERVICE**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. The Court has personal jurisdiction over the parties. All parties have been served, and no party contests service.

II. **FACTS**

A. **Synchronoss's Statement of Facts**

Plaintiff Synchronoss is a company incorporated under the laws of Delaware having a business address at 200 Crossing Blvd., 8th Floor, Bridgewater, New Jersey 08807. Synchronoss is a world leader in cloud solutions and software-based activation serving communication service providers across the globe. Synchronoss's technology solutions allow customers to connect, synchronize and activate connected devices and services that empower enterprises and consumers to live in a connected world. Its services include intelligent connectivity management

and content synchronization, backup and sharing, as well as device and service procurement, provisioning, activation, and support, that enable communications service providers, cable operators/multi-services operators, original equipment manufacturers with embedded connectivity, multi-channel retailers and other customers to accelerate and monetize their go-to-market strategies for connected devices.

Synchronoss is the owner of the three asserted Patents-in-Suit: (a) U.S. Patent 6,671,757, entitled "Data Transfer and Synchronization System" (the "'757 Patent") (D.I. 1-1); (b) U.S. Patent 7,587,446, entitled "Acquisition and Synchronization of Digital Media to a Personal Information Space" (the "'446 Patent") (D.I. 1-3); and (c) U.S. Patent 6,757,696, entitled "Management Server for Synchronization System" (the "'696 Patent") (D.I. 1-2) (collectively "the Patents"). On March 27, 2015, Synchronoss filed this action against Dropbox for infringement of the '757 Patent, '446 Patent, and '696 Patent. Synchronoss brings this action to stop Dropbox's continuing unlicensed use of Synchronoss' patented technology.

### B.     Dropbox's Statement of Facts

Since its founding in 2007 and launch in San Francisco in 2008, Dropbox has revolutionized the way files are stored and shared on the internet.  Dropbox's software and services enable the easy storage, synchronization and sharing of electronic files.  The online services allow Dropbox's users—now totaling more than 500 million across more than 200 countries around the world—to easily and seamlessly collect, store, and share files across their multiple electronic devices, including computers and handheld devices.

Dropbox disputes Synchronoss's baseless claims.  The Patents-in-Suit are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112, as will be shown through discovery, motions and trial.  Setting aside the invalidity of the Patents-in-Suit, the accused products do not infringe any claim of the Patents-in-Suit.

### III. PROCEDURAL HISTORY AND RELATED CASES

On March 27, 2015, Synchronoss filed this action against Dropbox alleging infringement of the three Patents-in-Suit (D.I. 1). Dropbox answered Synchronoss's Complaint and filed Counterclaims on January 10, 2017 (D.I. 119). Synchronoss answered Dropbox's Counterclaims on January 31, 2017 (D.I. 124). On March 15, 2017, pursuant to a stipulation between the parties, the Court entered a case schedule through the Claim Construction Hearing (D.I. 133). The Court held a claim construction hearing on November 1, 2017 (D.I. 162), and issued a claim construction order on December 7, 2017 (D.I. 168).

There were two other related cases in this District. On February 16, 2016, this Court issued an Order to Relate the pending case styled *Synchronoss Technologies, Inc. v. Egnyte, Inc.*, Case No. 4:16-cv-00120-HSG (D.I. 69), and on May 24, 2016, this Court issued an Order to Relate the pending case styled *Synchronoss Technologies, Inc. v. Funambol, Inc.* Case No. 4:16-cv-02026-HSG (D.I. 53). Synchronoss and Funambol, Inc. agreed to dismiss that case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the dismissal was granted on May 30, 2017. (Case No. 4:16-cv-02026-HSG at D.I. 105).

There are also two *Inter Partes* Review proceedings concerning certain claims of the '757 Patent-in-Suit. On October 5, 2017, the United States Patent and Trademark Office, Patent Trial and Appeal Board ("PTAB") issued Final Written Decisions in *Inter Partes* Review No. IPR2016-00850 (finding that Dropbox did not show by a preponderance of the evidence that claims 1-8, 10-13, and 15 of the '757 Patent are unpatentable (D.I. 152-1)) and in *Inter Partes* Review No. IPR2016-00851 (finding that Dropbox did not show by a preponderance of the evidence that claims 16–20, 22–25, 27, and 29 of the '757 Patent are unpatentable (D.I. 152-2)). Dropbox has appealed these decisions to the Federal Circuit. Dropbox's appeals were consolidated and are pending as *Dropbox Inc. v. Synchronoss Technologies, Inc.*, Case Nos. 18-1291 and 18-1292 (Fed. Cir.).

## IV. LEGAL ISSUES

The issues set forth below are not intended to be final or exhaustive, and the parties reserve the right to reformulate these issues, dispute that they are issues, or include any other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. The following disputed factual and legal issues may need to be resolved as part of this case:

- Whether Dropbox has infringed any or all of the asserted claims of the Patents-in-Suit;
- Whether the asserted claims of the Patents-in-Suit are invalid and/ or unenforceable;
- The amount of damages, if any;
- Whether Synchronoss is entitled to injunctive relief; and
- Whether the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling the prevailing party to reasonable attorney fees.

## V. SUBSEQUENT CASE MANAGEMENT REPORT

Pursuant to the Standing Order for Patent Cases Before District Judge Haywood S. Gilliam, the parties hereby address the specific issues requested below:

### A. Whether either party wishes the Court to certify the claim construction ruling for immediate appeal to the Federal Circuit.

Neither party wishes to do so at this time.

### B. The filing of dispositive motions, and the timing of those motions.

#### 1. Pending Motions:

No motions are presently pending.

#### 2. Anticipated Motions:

Dropbox anticipates moving at the appropriate time for summary judgment of non-infringement and/or invalidity of the asserted claims of the Patents-In-Suit, and reserves the right to file other dispositive motions as the case progresses. Synchronoss likewise anticipates moving for summary judgment and may file other dispositive and non-

dispositive motions as appropriate as the case progresses to trial. *See* **Appendix A** attached hereto for the proposed timing of dispositive motions.

  **C.** **If willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense -- if so, the parties should be prepared to address proposals for resolving any attorney-client privilege issues that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate.**

Synchronoss has not presently asserted pre-filing willful infringement. Synchronoss reserves the right to allege willful infringement in light of non-public information identified during discovery. Dropbox will respond to any such attempt to add an allegation of willfulness if and when it arises.

  **D.** **Anticipated post-claim construction discovery.**

    **1.** **Discovery Taken to Date:**

Pursuant to the Federal Rules of Civil Procedure 26(a)(1)(C) and this Court's Order Setting Initial Case Management Conference (D.I. 38), the parties both served their initial disclosures on April 21, 2016. The parties each reserve their right to supplement their disclosures as discovery continues. The parties' initial infringement contentions and damages contentions have also been served.

Fact discovery is ongoing. The parties have served written discovery requests on each other, and responded to said requests. Both parties have produced documents and anticipate further documents to be produced during the course of fact discovery. Synchronoss took the deposition of Dropbox's expert, Michael Freedman on September 6, 2017 for claim construction discovery only. The parties anticipate additional depositions and written discovery to be propounded. The parties are currently negotiating the schedule of the deposition of Dropbox's corporate representative with respect to source code discovery taken by Synchronoss.

Synchronoss's expert inspected Dropbox's source code on June 19, June 20, June 21, July 31, and August 1, 2017. Synchronoss requested printed copies of certain portions of Dropbox's source code on August 3, 2017. Dropbox provided copies of such material on August

4, 2017. Synchronoss contends that further inspection of Dropbox's source code is necessary in light of the Court's Claim Construction Order.

## 2. Status of Infringement Contentions:

Subject to reaching agreement regarding the scope of a 30(b)(6) deposition discussed below, the parties have agreed to a schedule for Synchronoss to supplement its infringement contentions to (1) make reference to Dropbox's source code, and (2) provide contentions under the claim constructions that have now been adopted by the Court. Dropbox has agreed to make its source code available for additional review on January 16 through 26, 2018. Synchronoss will provide identification of any code to be printed out by Dropbox for production pursuant to the Protective Order on or before January 26. Dropbox will then provide a 30(b)(6) deposition relating to the source code before February 16, 2018, but no earlier than 14 days after the production of any source code requested by Synchronoss. Synchronoss will then supplement its infringement contentions within 30 days of the deposition.

The parties currently have a disagreement regarding the scope of the 30(b)(6) deposition Synchronoss has asked Dropbox to provide before it supplements its infringement contentions, and are conferring in an attempt to resolve that dispute.

## 3. Scope of Post-Claim Construction Discovery:

The parties anticipate serving additional interrogatories and document requests. The parties also anticipate serving requests for admission. The parties also anticipate taking depositions of fact and expert witnesses, including witnesses noticed under Fed. R. Civ. P. 30(b)(6) and third-party witnesses. Subject to the limitations to be agreed upon by the parties as described in the Order for Discovery of Electronically Stored Information, referenced in Section 8, and without waiving any objections, the parties anticipate that the scope of anticipated discovery includes all non-privileged matter relevant to the claims, counterclaims, and defenses in this action, including without limitation discovery relating to: the asserted claims of the Patents-in-Suit, including at least the alleged conception and reduction to practice of the claimed inventions, the prosecution of the Patents-in-Suit, prior art to the Patents-in-Suit, the

state of the art at the time of the inventions claimed in the Patents-in-Suit; licensing of the Patents-in-Suit, including third-party discovery of the licensees; other systems alleged to infringe Synchronoss's technology; ownership of the Patents-in-Suit, including any security interest granted on the Patents-in-Suit; Plaintiff's pre-suit investigation of Dropbox's alleged infringement; public documents and things concerning Dropbox's accused system; engineering documents; manuals; technical specifications and the design, development, operation, source code, marketing, advertising, sales, and support of the accused Dropbox products; public documents and things concerning the claimed embodying systems of Synchronoss and others; engineering documents for the claimed embodying systems of Synchronoss and others; manuals the claimed embodying systems of Synchronoss and others; technical specifications and the design, development, operation, source code, marketing, advertising, sales, and support of the claimed embodying systems of Synchronoss and others.

### 4. Limitations on Discovery

The parties agree that, other than as modified below, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure.

#### a) Depositions

**i. Fact Witnesses** – The parties agree that each side shall be limited to 10 depositions of party witnesses including witnesses noticed under Fed. R. Civ. P. 30(b)(6). The time limitations of Rule 30(d)(1) shall apply to all depositions, unless otherwise agreed by the parties. The depositions of non-parties and testifying experts are not included within the total number of depositions allowed to each side.

**ii. Experts** – Each deposition of an expert witness shall be limited to 7 hours, unless otherwise agreed by the parties in light of the scope of testimony.

#### b) Interrogatories

The parties agree on a limit of 30 interrogatories per party. The interrogatories that have already been served by either party will count against that limit.

- 8 -
FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
CASE NO. 4:16-CV-00119-HSG-KAW

         **c)**       **Requests for Admission**

The parties propose a limit of 50 requests for admission with respect to substantive matters. No limits shall be placed on the number of requests for admission concerning the authenticity of documents.

### 5. Discovery of ESI

The parties have agreed to and entered a stipulation regarding the discovery of electronically stored information. (D.I. 129.)

### 6. Protective Order

The parties have agreed to and entered a stipulated protective order. (D. I. 127.)

### 7. Electronic Service

The parties agree to accept service by email. Service by email will be treated as service by hand delivery. The parties agree that service by email by 6:00 pm Pacific time on a given day will be treated as service by personal delivery that day. The parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email or otherwise and that ECF filing constitutes personal service as of the date and time such document was filed. The parties agree that documents filed under seal or manually must be served by email or other electronic means including FTP transfer within a reasonable time following a related ECF filing, and that the email service of such documents shall relate back to the time of the related ECF filing.

### 8. Privilege and Privilege Logs

The parties are not required to log Privileged Materials dated after March 27, 2015 (the "cutoff date"). Information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created after the cut-off date do not need to be included on any privilege log.

In addition, Privileged Materials created by or on behalf of litigation counsel or exchanged with litigation counsel, regardless of their date, do not need to be included on any

- 9 -
FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
CASE NO. 4:16-CV-00119-HSG-KAW

privilege log.  This exception applies to litigation counsel for any litigation involving any of the Patents-in-Suit.

### 9. Expert Discovery

The parties agree that the protections provided in FRCP 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations.  Pursuant to FRCP 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt from discovery.  In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless relied upon by the expert in forming his or her opinions.  If an expert produces a report, the expert must produce his or her final report and all materials on which he or she relied.

### 10. Discovery Disputes

There are no discovery disputes at present.

### E. Proposed Deadlines and court dates for the remainder of the case schedule.

Pursuant to the Court's direction, following the Claim Construction Hearing, counsel for Plaintiff and Defendant met and conferred, and have agreed (with the exception of one dispute noted in the table below) to the proposed case schedule, which is set forth in the chart attached hereto as **Appendix A**.  The parties believe that the proposed schedule is consistent with the Local Patent Rules and this Court's practice and is appropriate for this case.

### F. Any other pretrial matters; and amendment of pleadings

Synchronoss is considering the issue of whether further amendments to its pleadings will be necessary. The parties both reserve the right to make any such amendments. As reflected in **Appendix A** below, the parties have agreed on a deadline of January 19, 2018 for amendments to pleadings without leave of Court.

### G. The Progress of settlement discussions, if any.

The parties discussed Alternative Dispute Resolution during the Rule 26(f) conference. Further, the ADR Phone Conference was conducted on April 1, 2016. There, the parties stated

that they believed that ADR will be most productive after the *Markman* order had been entered. No other settlement negotiations have been conducted between the parties.

**H.     Relief**

    **1.     Requested by Synchronoss:**

a) A judgment that the Patents-in-Suit are valid and enforceable;

b) A judgment that Dropbox has directly infringed the Patents-in-Suit;

c) An award of all damages recoverable under the laws of the United States and the laws of the State of California in an amount to be proven at trial;

d) A permanent injunction enjoining and restraining Dropbox and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from directly infringing, the infringement of the Patents-in-Suit;

e) An accounting of all sales and revenues, together with pre-judgment and post-judgment interest.

f) A judgment and order requiring Dropbox to pay the costs of this action (including all disbursements) and all attorney's fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

g) Such other and further relief as this Court may deem just and equitable.

    **2.     Requested by Dropbox:**

a) A judgment that the Patents-in-Suit are invalid;

b) A judgment that Dropbox has not infringed the Patents-in-Suit;

c) A judgment and order requiring Synchronoss to pay the costs of this action (including all disbursements) and all attorney's fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

d) Such other and further relief as this Court may deem just and equitable.

1  Dropbox expressly reserves its ability to seek additional relief beyond that set forth
2  here.

### I.       Narrowing of Issues

In light of the Court's Claim Construction Order, Synchronoss has agreed to withdraw the '696 Patent from the case, subject to reserving all rights to appeal the order.

With respect to the asserted claims of the '757 and '446 Patents, the parties have the following disagreement regarding the viability of Synchronoss's infringement assertion following the Court's Claim Construction Order:

**Dropbox's Position:**  In light of the Court's construction of the term "previous state of said data," which is found in every asserted claim of the '757 Patent, Dropbox wrote Synchronoss on December 15, 2017 asking for its basis to maintain its infringement case against Dropbox on that patent.  Synchronoss responded on December 22, 2017, and did not provide a single detail regarding its basis for maintaining suit on the '757 Patent.  Instead, it requested additional days to review Dropbox's source code, to which it has had access since May 5, 2017.  Additionally, Synchronoss has yet to provide specific or detailed infringement contentions relating to the '446 Patent, particularly in light of the Court's Claim Construction Order.  Dropbox will make its source code available in January as Synchronoss requests for purposes of providing supplemental contentions, but respectfully asks that the Court order Synchronoss identify its basis for maintaining its infringement claims in light of the Court's Claim Construction Order by January 23, 2018.  Synchronoss's ability to identify its basis for maintaining this lawsuit, which it filed years ago, in light of specific findings in the Court's Claim Construction Order is distinct from detailed infringement contentions required under the Local Rules.

**Synchronoss's Position:**  Dropbox concludes that Synchronoss must provide a basis to assert infringement of the '757 Patent "[i]n light of the Court's construction of the term 'previous state of said data,'" however, Synchronoss is unclear as to the relevance of this term in particular, as Dropbox has not substantively responded to Synchronoss's Interrogatory No. 5,

which asks for its non-infringement contentions. Synchronoss served this request on January 11, 2017, which Dropbox answered on February 10. Dropbox has not supplemented its response since its initial responses were served on February 10, 2017.

In addition, Dropbox's request is, in essence, a request for supplementation of Synchronoss's infringement contentions, which the parties have proposed a timeline by which to do so in Section D.2, above.

### J.     Consent to Magistrate Judge for All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### K.     Expedited Trial Procedure

The parties do not believe that this case is appropriate for an expedited schedule.

### L.     Trial

The case will be tried to a jury. The length of trial will depend on the parties' pretrial motions and the ability to narrow the issues. The parties request that the Court reserve two weeks for trial.

### M.     Advice of Counsel Defense

Synchronoss has not alleged willful infringement in this matter.  As such, Dropbox has no reason to rely on an advice of counsel defense.

**Appendix A:**

**Proposed Case Schedule**

| Event | Order or Local Rule | Synchronoss Proposed Deadline | Dropbox Proposed Deadline |
|---|---|---|---|
| Deadline for disclosure of materials associated with any opinion of counsel upon which the party intends to rely (Patent L.R. 3-7) | 30 days after the claim construction order (per Patent L.R. 3-7) | January 19, 2018 | N/A (Synchronoss has not asserted willful infringement) |
| Deadline to amend the pleadings without filing a motion seeking leave to amend the pleadings | 30 days after the claim construction order | January 19, 2018 | Agreed |
| Deadline to complete document productions | | May 25, 2018 | Agreed |
| Deadline to complete fact discovery | | September 21, 2018 | Agreed |
| Initial expert disclosures and reports due | | November 9, 2018 | Agreed |
| Rebuttal expert disclosures and reports due | | December 21, 2018 | Agreed |

| | | | |
|---|---|---|---|
| Should Plaintiff serve one or more rebuttal reports regarding objective indicia of non-obviousness, Defendant's responsive expert reports limited solely to objective indicia of non-obviousness | | February 1, 2019 | Agreed |
| Deadline to complete expert discovery | | April 5, 2019 | Agreed |
| Dispositive and *Daubert* motions due | Judge Gilliam Civil Standing Order Paragraph 11: at least six weeks between proposed dispositive motion hearing deadline and proposed final pretrial conference. | May 3, 2019 | Agreed |
| FRCP 26(a)(3) Disclosures and Final pretrial conference | Judge Gilliam Civil Standing Order Paragraph 11: at least six weeks between proposed dispositive motion hearing deadline and proposed final pretrial conference. | July 26, 2019 | Agreed |
| Commencement of jury trial | Judge Gilliam Civil Standing Order Paragraph 11: at least two weeks between proposed final pretrial conference and first day of proposed trial. | August 12, 2019, subject to the Court's convenience, for approximately two weeks | Agreed |

| | | |
|---|---|---|
| 1 | Dated: January 2, 2018 | Respectfully submitted, |
| 2 | | **DENTONS US LLP** |

By:  */s/ Sarah S. Eskandari*
SARAH S. ESKANDARI (SBN 271541)
DENTONS US LLP
One Market Plaza,
Spear Tower, 26th Floor
San Francisco, CA 94105
Telephone: (415) 267-4000
Facsimile: (415) 267-4198
Email: sarah.eskandari@dentons.com

MARK L. HOGGE (*Pro Hac Vice*)
SHAILENDRA K. MAHESHWARI (*Pro Hac Vice*)
NICHOLAS H. JACKSON (SBN 269976)
DENTONS US LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 408-6400
Facsimile: (202) 408-6399
Email: mark.hogge@dentons.com
Email: shailendra.maheshwari@dentons.com
Email: nicholas.jackson@dentons.com

*Attorneys for Plaintiff*
*Synchronoss Technologies, Inc.*

- 3 -
FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
CASE NO. 4:16-CV-00119-HSG-KAW

1  Dated: January 2, 2018            Respectfully submitted,

                                     TAYLOR & PATCHEN, LLP


                                     By:   */s/ Jonathan Patchen*
                                     STEPHEN E. TAYLOR (SBN 058452)
                                     JONATHAN A. PATCHEN (SBN 237346)
                                     TAYLOR & PATCHEN, LLP
                                     One Ferry Building, Suite 355
                                     San Francisco, CA 94111
                                     Telephone: (415) 788-8200
                                     Facsimile: (415) 788-8208
                                     E-mail: staylor@taylorpatchen.com
                                     E-mail: jpatchen@taylorpatchen.com

                                     THOMAS H.L. SELBY (*pro hac vice*)
                                     DAVID M. KRINSKY (*pro hac vice*)
                                     ADAM D. HARBER (*pro hac vice*)
                                     CHRISTOPHER J. MANDERNACH (*pro hac vice*)
                                     WILLIAMS & CONNOLLY LLP
                                     725 Twelfth Street, N.W.
                                     Washington, D.C. 20005
                                     Telephone: (202) 434-5000
                                     Facsimile: (202) 434-5029
                                     E-mail: tselby@wc.com
                                     E-mail: dkrinsky@wc.com
                                     E-mail: aharber@wc.com
                                     E-mail: cmandernach@wc.com

                                     *Attorneys for Defendant*
                                     *Dropbox, Inc.*

- 4 -
FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
CASE NO. 4:16-CV-00119-HSG-KAW

**FILER'S ATTESTATION:**

I, Sarah S. Eskandari, am the ECF user whose ID and password are being used to file the above **FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER.** In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

Dated:  January 2, 2018         By    */s/Sarah Eskandari*
                                        SARAH ESKANDARI

**CASE MANAGEMENT ORDER**

The above FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT & [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated:_____

UNITED STATES DISTRICT JUDGE
HAYWOOD S. GILLIAM JR.