UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX INC., et al.,<br><br>Defendants. | Case No. 4:16-cv-00119-HSG   (KAW)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 178 |

On March 30, 2018, Plaintiff Synchronoss Technologies, Inc. filed a motion for leave to amend its infringement contentions pursuant to Patent L.R. 3-6. (Pl.'s Mot., Dkt. No. 178.)

On June 7, 2018, the Court held a hearing, and, for the reasons set forth below, GRANTS Plaintiff's motion for leave to serve amended infringement contentions.

## I.   BACKGROUND

Plaintiff Synchronoss Technologies, Inc. asserts that Defendant Dropbox, Inc. infringes on U.S. Patent Nos. 6,671,757 ("the '757 Patent") and 7,587,446 ("the '446 Patent"). Specifically, Plaintiff contends that one or more claims of the asserted patents are infringed by Dropbox Basic, Dropbox Pro, Dropbox Business, and Dropbox Enterprise products and services.

On April 7, 2016, Dropbox filed a Petition for Inter Partes Review ("IPR") of the '757 Patent, challenging the patentability of claims 1-8, 10-13 and 15 under 35 U.S.C. § 318(a) with the United States Patent and Trademark Office, Patent Trial and Appeal Board ("PTAB"), Case No. IPR2016-00850. (Eskandari Decl. ¶ 4, Ex. C.)  On April 7, 2016, Dropbox also filed a Petition for IPR of the '757 patent, challenging the patentability of claims 16-20, 22-25, 27, and 29 under 35 U.S.C. § 318(a) with the PTAB, Case No. IPR2016-00851. (Eskandari Decl. ¶ 4, Ex. D.)

On February 15, 2017, Synchronoss served its Patent Local Rule 3-1 preliminary initial disclosures and infringement contentions. (Decl. of Sarah S. Eskandari, "Eskandari Decl.," Dkt.

1  No. 182-1 ¶ 3, Exs. A & B.)  The preliminary disclosure of asserted claims did not list claims 1, 8,
2  16, and 24 as being infringed upon. (Eskandari Decl., Ex. A at 2.)  The attached infringement
3  contentions chart, however, charted those claims. (Eskandari Decl., Ex. B.)
4     On October 5, 2017, the PTAB found that Dropbox did not show by a preponderance of
5  the evidence that claims 1-8, 10-13, and 15 '757 Patent were unpatentable. (Dkt. No. 152.)
6     On December 7, 2017, the district court issued its claim construction order. (Dkt. No. 168).
7  Dropbox agreed to make its source code available for inspection beginning on January 16, 2018.
8  (Dkt. NO. 170 at 7:7-8; Eskandari Decl. ¶ 6.) Between January 16 through February 27, 2018
9  Plaintiff spent approximately two and half weeks inspecting Dropbox source code. (Eskandari
10 Decl. ¶ 9.)
11    On March 30, 2018, Plaintiff filed the instant motion for leave to serve supplemental
12 infringement contentions. (Pl.'s Mot., Dkt. No. 178.)  On April 4, 2018, Defendant filed an
13 opposition that was limited to the proposed addition of claims 1, 8, 16, and 24 of the '757 Patent.
14 (Def.'s Opp'n, Dkt. No. 181.)  On April 6, 2018, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No.
15 182.)

## II.  LEGAL STANDARD

"The Northern District of California has adopted local rules that require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed Cir. 2006).  The patent local rules provide "for a streamlined mechanism to replace the series of interrogatories that accused infringers would likely have propounded in [their] absence" and are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *DCG Sys. v. Checkpoint Techs.*, *LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (quotations and footnote omitted); *O2 Micro Int'l Ltd.* 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

Patent Local Rule 3-1 requires a party claiming patent infringement to serve on all parties a disclosure of asserted claims and infringement contentions.  Pursuant to that local rule, the

1  infringement contentions must contain (a) each claim of each patent that is allegedly infringed by
2  each party, (b) all accused instrumentalities for each asserted claim, (c) a chart identifying
3  specifically where each limitation of each asserted claim is located within each accused
4  instrumentality, (d) a description of the acts of the alleged indirect infringer that induced the direct
5  infringement by a third party, (e) whether each limitation of each asserted claim is alleged to be
6  literally present or present under the doctrine of equivalents in the accused instrumentality, (f) the
7  priority date to which each asserted claim allegedly is entitled if applicable, (g) an identification of
8  each apparatus that practices the claimed invention if applicable, and (h) the basis for the party's
9  allegation of willful infringement if applicable. Patent L.R. 3-1.

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6.  Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (1) an adverse claim construction; (2) recent discovery of material prior art despite an earlier diligent search; and (3) recent discovery of nonpublic information about the accused product that, despite diligent efforts, was not discovered before service of the infringement contentions.  *Id.*

### III.   DISCUSSION

Plaintiff seeks to amend its infringement contentions after the issuance of the claim construction order. (Pl.'s Mot. at 6.)

Defendant contends that Plaintiff has not demonstrated good cause to add Claims 1, 8, 16 and 24 of the '757 Patent (the "Newly Asserted Claims"). (Def.'s Opp'n at 1.) Defendant does not oppose the Plaintiff's request for leave to supplement its contentions as to the claims it asserted in its February 15, 2017 disclosures made pursuant to Patent Local Rule 3-1. *Id.*

The good cause analysis proceeds in two steps: "first, the court must determine whether the moving party was diligent in amending its contentions; second the court must determine whether the non-moving party would suffer undue prejudice if the motion to amend were granted." *DCG Sys.*, 2012 WL 1309161, at \*3.  "If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so." *Apple Inc. v. Samsung*

3

*Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) (footnotes omitted).

### A. Diligence

"[T]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). "The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Id.*

Plaintiff claims that it was diligent in amending its infringement contentions when it realized that the December 7, 2017 claim construction order warranted amendment, and timely notified Defendant of the necessity of such amendment. (Pl.'s Mot. at 6-7.) Following the issuance of the claim construction order, the parties met and conferred and agreed upon a schedule for amendment. *Id.* at 7. The schedule required that Plaintiff first have sufficient time to inspect Defendant's source code, because Dropbox requested that the amended infringement contentions include citations to its source code. *Id.*

Defendant argues that Plaintiff was not diligent in adding claims 1, 8, 16, and 24 to its list of asserted claims. (Def.'s Opp'n at 2.) Specifically, Defendant notes that each of the previously asserted claims depend on those claims, so, in order to advance an infringement theory for the claims asserted in its February 15, 2017 contentions, Plaintiff had to contend and detail infringement of the claims it now seeks to add. *Id.* at 2-3.

In its reply, Plaintiff agrees that it was required to detail infringement of independent claims 1, 8, 16, and 24, and that it did so by charting them in detail in the claims chart that accompanied the original infringement contentions. (Pl.'s Reply at 1.) Plaintiff argues that it could not seek leave to amend its contentions to officially assert those claims until after the IPR decisions were issued resolving the patentability of those claims. *Id.* The Court notes that the five

4

claims formally asserted in the February 15, 2017 contentions—claims 9, 14, 21,. 26, and 28—were not subject to the IPR petitions. (*See* Eskandari Decl., Exs. A, C, D.)  At the hearing, Plaintiff explained that the Patent and Trademark Office had informed it that the claims would likely be found invalid, so Plaintiff was concerned with fee shifting post-*Octane Fitness*.  Plaintiff cites *Technology Licensing Corporation v. Blackmagic Design Party Ltd.*, 2014 WL 5499511, at *3 (N.D. Cal. Oct. 30, 2014), in support of its argument that the Court should exercise its discretion to grant leave to amend, because Dropbox will not be prejudiced given the stage of the case, and that it has been on notice of these claims for over one year. (Pl.'s Reply at 5.)  Indeed, even if the movant was arguably not diligent, the court retains discretion to grant leave to amend so long as there is a lack of prejudice to the defendant. *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013)(citing *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *6 (N.D. Cal. Nov. 15, 2012)).

In opposition, Dropbox cites *BioGenex Laboratories v. Ventana Medical Systems, Inc.*, 2005 WL 7139102, in support of its argument that Plaintiff's gamesmanship is neither diligence nor good cause to justify the amendment of its infringement contentions. (Def.'s Opp'n at 2.) While the Court agrees in principle, the undersigned does not believe that the omission was gamesmanship or that Dropbox has suffered any prejudice.  First, there were ongoing IPR proceedings, in which Plaintiff was actively expending resources to defend the validity of the claims it now seeks to add. Second, Plaintiff charted the claims in the original ICs, so Defendant was on notice. Lastly, *BioGenex* is distinguishable on the facts, given that the granting of the motion for leave to amend the infringement contentions would have resulted in significant prejudice to the nonmoving party, who was "poised to prevail on its [pending] motion [for summary judgment]" absent amendment. *BioGenex Labs. v. Ventana Med. Sys., Inc.*, No. C-03-3916-JF (PVT), 2005 WL 7139102, at *3 (N.D. Cal. Feb. 24, 2005).  Here, at the hearing, Dropbox argued for the first time that it was prejudiced by not being able to obtain a stay in the case, but could not articulate how the absence of a stay in this circumstance was prejudicial.

Thus, the Court finds that while Plaintiff should have listed claims 1, 8, 16, and 24 in its

original intentions, the fact that the claims were charted show that they are not truly newly asserted. Indeed, the undersigned notes that several terms from these claims were at issue during the claim construction process, including some of which were undisputed, while others were construed by the district court. (*See* Claim Construction Order, Dkt. No. 168.)

Accordingly, even if Plaintiff was arguably not diligent in including claims 1, 8, 16, and 24 in its original contentions, it is a proper exercise of the Court's discretion to permit amendment. Certainly, Plaintiff was diligent in seeking amendment of its infringement contentions following the December 7, 2017 claim construction order, given that it sought leave to amend a few days after completing its review of Defendant's source code per the parties' agreement.

### B. Undue prejudice

The second prong of the good cause analysis requires the court to consider "whether the non-moving party would suffer undue prejudice if the motion to amend were granted." *DCG Sys.*, 2012 WL 1309161, at *3. There is no dispute that the "Newly Asserted Claims" were excluded from the list of asserted claims in "Plaintiff's Disclosure of Asserted Claims and Infringement Contentions, but were charted in the original infringement contentions. (Eskandari Decl., Ex. A at 2; Eskandari Decl., Ex. B.)

In fact, Defendant does not argue in its opposition that it would suffer undue prejudice. Rather, Defendant argued only that Plaintiff was not diligent. (*See* Def.'s Opp'n at 3.) Thus, the undersigned finds that the non-moving party would not suffer undue prejudice if the motion were to be granted.

### IV. CONCLUSION

In light of the foregoing, the undersigned finds that good cause exists, and Plaintiff's request for leave to amend its infringement contentions is GRANTED. Plaintiff shall serve its amended infringement contentions within 14 days.

IT IS SO ORDERED.

Dated: June 14, 2018

KANDIS A. WESTMORE
United States Magistrate Judge