UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., | Case No. 4:16-cv-00119-HSG   (KAW) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT DROPBOX, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE PARTIES' AUGUST 22, 2018 JOINT LETTER CONCERNING DISCOVERY DISPUTE** |
| DROPBOX INC., et al., | |
| Defendants. | |
| | Re: Dkt. Nos. 206, 207 |

On August 22, 2018, Defendant Dropbox Inc. ("Defendant" or "Dropbox") filed an Administrative Motion to File Under Seal Portions of the Parties' August 22, 2018 Joint Letter Concerning Discovery Dispute (Dkt. No. 206) ("Motion to File Under Seal"). A redacted version of the Joint Letter was also filed on August 22, 2018. (Dkt. No. 207.) An un-redacted version of the Joint Letter accompanied the Motion to File Under Seal. (Dkt. No. 206-4.) For the reasons set forth below, the Court DENIES Defendant's Motion to File Under Seal.

## I.    Defendant Did Not Follow the Requirements of Civil Local Rule 79-5(d).

Civil Local Rule 79-5(d)(1)(A)-(D) provides (emphasis added):

> (d) Request to File Document, or Portions Thereof, Under Seal. A party seeking to file a document, or portions thereof, under seal ("the Submitting Party") must:
> (1) File an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11. The administrative motion must be accompanied by the following attachments:
> (A) A declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable. ***Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.*** The procedures detailed in Civil L.R. 79-5(e) apply to requests to seal in which the sole basis for sealing is that the document(s) at issue were previously designated as confidential or subject to a

protective order.

        (B) A proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

        (C) A redacted version of the document that is sought to be filed under seal. The redacted version shall prominently display the notation "REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." A redacted version need not be filed if the submitting party is seeking to file the entire document under seal.

        (D) An unredacted version of the document sought to be filed under seal. The unredacted version must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version, and prominently display the notation "UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." The unredacted version may be filed under seal pursuant to Civil L.R. 79-5(c) before the sealing order is obtained.

While Defendant complied with the requirements of Civil Local Rule 79-5(d)(1)(B)-(D) in filing its Motion to File Under Seal, it did not comply with Civil Local Rule 79-5(d)(1)(A). Namely, in the Declaration (Dkt. No. 206-1) attached to Defendant's Motion to File Under Seal, Attorney Jonathan A. Patchen states, in paragraph 3, that "Pursuant to Local Rule 79-5(e), the following table identifies the portions of the Motion that contain or refer to information that was designated 'Attorneys' Eyes Only'." (*Id.* at 1.) However, this statement is not sufficient to establish that portions of the Joint Letter are sealable because "Attorneys' Eyes Only" is a confidentiality designation established in the Stipulated Protective Order. (*See* Stip. Prot. Ord., Dkt. No. 127 at 3-8, 11-13, 15, 22, 25-26, 28, 30.) Therefore, Defendant's Motion to File Under Seal does not comply with Civil Local Rule 79-5(d)(1)(A).

## II.    Defendant Has Not Established Good Cause for Sealing Portions of the Joint Letter.

When a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-05501-SI, 2014 WL 12647906, at *1 (N.D. Cal. Sept. 18, 2014) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.") In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b).

Moreover, to make the showing of good cause, the moving party must make a "particularized showing" that "specific prejudice or harm" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992).

Here, the redacted portions of the Joint Letter do not seem to reference particularly sensitive information, especially considering how the company names redacted within Dropbox's section of the Joint Letter (Dkt. No. 206-4 at 2-3) are unredacted and publicly disclosed in Synchronoss's section (Dkt. No. 206-4 at 4). In fact, the redacted information appears to be quite broad as well as publicly available. (*Id.*) Hence, Defendant has not provided a sufficient, "narrowly tailored" showing of good cause because it has not made a "particularized showing" that "specific prejudice or harm" will result if the information is disclosed, especially when portions of that information have already been publicly disclosed by Plaintiff in the Joint Letter.

Reiterating the analysis above, good cause also "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential." *Bain v. AstraZeneca LP*, No. 09-4147-CW, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011). Accordingly, Defendant has not established good cause by referring to the "Attorneys' Eyes Only" confidentiality designation in the Stipulated Protective Order (Dkt. No. 127) as the only basis for sealing portions of the Joint Letter. (Dkt. No. 206-1 at 1.)

### III.    Synchronoss Has Not Filed a Declaration within Four Days of August 22, 2018.

Civil Local Rule 79-5(e) provides (emphasis added):

> (e) Documents Designated as Confidential or Subject to a Protective Order. If the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order, or a document containing information so designated by an opposing party or a non-party, the Submitting Party's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and ***identify the party that has designated the material as confidential ("the Designating Party")***. The declaration must be served on the Designating Party on the same day it is filed and a proof of such service must also be filed.

1

2

3

4

5

6

        (1) ***Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable***.
        (2) If ***the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied***. A Judge may delay the public docketing of the document upon a showing of good cause.

7

8

9

10

11

12

        Here, it is clear that the Designating Party is Plaintiff Synchronoss because Synchronoss has designated the material to be redacted as containing confidential information. (*See* Dkt. No. 206-1 at 1.) However, today's date, August 29, 2018, is undeniably later than August 26, 2018, which is four (4) days after August 22, 2018, the date that Defendant Dropbox's Motion to File Under Seal was filed with the Court. As a result, Plaintiff's failure to file a declaration by August 26, 2018 renders Defendant's Motion to File Under Seal and the entire Joint Letter sealing mechanism noncompliant with Civil Local Rule 79-5(e)(1). Nonetheless, because Defendant's Motion to File Under Seal has been denied, Defendant Dropbox will be afforded the opportunity to file the unredacted Joint Letter in the public record no earlier than four (4) days (September 4, 2018) and no later than ten (10) days (September 10, 2018) after the motion is denied.

13

14

15

16

        For all the foregoing reasons, Defendant's Motion to File Under Seal is DENIED.

        IT IS SO ORDERED.

17

18

Dated: August 29, 2018

19

20

KANDIS A. WESTMORE
United States Magistrate Judge

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4