UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> DROPBOX INC., et al., <br> Defendants. | Case No. 4:16-cv-00119-HSG (KAW) <br><br> **ORDER GRANTING DROPBOX INC.'S MOTION TO AMEND ITS INVALIDITY CONTENTIONS** <br><br> Re: Dkt. No. 210 |

On August 24, 2018, Defendant Dropbox, Inc. ("Defendant" or "Dropbox") filed a Motion to Amend Its Invalidity Contentions. (Def.'s Mot., Dkt. No. 210.) On September 7, 2018, Plaintiff Synchronoss Technologies, Inc. ("Plaintiff" or "Synchronoss") opposed. (Pl.'s Opp'n, Dkt. No. 221.) On September 14, 2018, Dropbox replied. (Def.'s Reply, Dkt. No. 222.)

The Court finds this matter suitable for resolution without hearing pursuant to Civil Local Rule 7-1(b). Upon consideration of the parties' filings, and for the reasons set forth below, the Court GRANTS Defendant Dropbox's Motion to Amend Its Invalidity Contentions.

## I. BACKGROUND

On April 7, 2016, Dropbox filed petitions to institute two *Inter Partes* Review ("IPR") actions of claims 1-15 (IPR2016-00850) and claims 16-29 (IPR2016-00851) of U.S. Patent No. 6,671,757 ("the '757 patent").[1] (Def.'s Mot. at 2; Dkt. No. 211-5, Ex. 5, at 2.) On October 7, 2016, the Patent Trial and Appeal Board ("PTAB") instituted review of claims 1-8, 10-13 and 15 (IPR2016-00850) and claims 16-20, 22-25, 27, and 29 (IPR2016-00851) of the '757 patent. (Def.'s Mot. at 2; Ex. 5 at 2.)

---

[1] The '757 patent is one of three asserted patents in this case by Plaintiff Synchronoss against Defendant Dropbox, and the other two asserted patents are: U.S. Patent Nos. 6,767,696 ("the '696 patent") and 7,587,446 ("the '446 patent"). (Dkt. No. 211-1 at 2.)

On February 15, 2017, Synchronoss served its Infringement Contentions upon Dropbox. (Dkt. No. 211-1, Ex.1.) In its Infringement Contentions, Synchronoss asserted claims 9, 14, 21, 26 and 28 of the '757 patent, which do not overlap with the claims of the '757 patent that the PTAB instituted in IPR2016-00850. (Ex.1 at 2.) Dropbox indicates that Synchronoss was waiting for the PTAB to "resolv[e] the patentability of these claims" before it asserted them in the present suit. (Dkt. No. 182 at 1.) Synchronoss also initially asserted claims 1-2, 6-9, 10-15, 18-19 of the '696 patent and claims 1, 3, 5, 6, 9, 10-14, 16-20 of the '446 patent in its Infringement Contentions. (Ex. 1 at 2.) Moreover, even though Synchronoss' Infringement Contentions did not list claims 1, 8, 16 and 24 of the '757 patent as being infringed upon, those claims were still charted in the claim charts attached to the Infringement Contentions. (Dkt. No. 195 at 2.)

On June 9, 2017, Dropbox served its Invalidity Contentions upon Synchronoss. (Dkt. No. 21-2, Ex. 2.) In its Invalidity Contentions, Dropbox listed that Synchronoss asserted claims 9, 14, 21, 26 and 28 of the '757 patent but also lists that Synchronoss asserted claims 1, 3, 5, 6, 9, 14, 16 and 20 of the '696 patent and claims 1, 2, 6-15, 18 and 19 of the '757 patent. (Dkt. No. 211-2, Ex.2, at 1.) In its Invalidity Contentions, Dropbox also identified prior art that anticipated or rendered obvious the asserted claims of the '757, '696 and '446 patents, including the prior art systems of Concurrent Versions System ("CVS") and the Coda Distributed File System ("Coda"). (Def.'s Mot. at 2; Ex. 2 at 10.) As to CVS, Dropbox included a claim chart "identifying specifically where and how in [the system] each limitation of each asserted claim [of the '757 patent] is found." (Def.'s Mot. at 2) (citing Patent L.R. 3-3(c); Dkt. No. 211-3, Ex.3.) Dropbox states that although it did not include a similar chart for the Coda system, it provided a claim chart identifying disclosures of various limitations of the '757 patent in the prior art publication of J. Kistler & M. Satyanarayanan, "Disconnected Operation in the Coda File System," ACM TRANSACTIONS ON COMPUTER SYSTEMS, vol. 10, no. 1 (1992) ("Kistler"), which describes the operation of the Coda system. (Def.'s Mot. at 2; Dkt. No. 211-4, Ex. 4.)

On October 5, 2017, the PTAB issued a Final Written Decision that held that the claims of the '757 patent that were at issue in IPR2016-00850 had "not been shown by a preponderance of the evidence to be unpatentable. (Def.'s Mot. at 2-3; Ex. 5 at 24.)

In December of 2017, Dropbox filed a Notice of Appeal from the PTAB's October 5, 2017 ruling to the U.S. Court of Appeals for the Federal Circuit. (Def.'s Mot. at 3.) On December 7, 2017, the Court issued its Claim Construction Order (Dkt. No. 168), which held that several of the claim terms in the claims of the '696 patent were indefinite under 35 U.S.C. § 112(6). (Dkt. No. 168 at 29-30.) Synchronoss then agreed to withdraw the '696 patent. (Dkt. No, 170 at 12.)

On March 30, 2018, Synchronoss filed a motion to amend its Infringement Contentions, which sought to add to the case claims 1, 8, 16 and 24 of the '757 patent – previously only at issue in IPR2016-00850 and IPR2016-00851. (Dkt. No. 178; Ex. 5 at 3.) In its April 4, 2018 response to Synchronoss' motion for leave to amend its Infringement Contentions, Dropbox opposed Synchronoss' request to add those claims of the '757 patent, but did not oppose Synchronoss' request to supplement its Infringement Contentions with respect to claims it had originally asserted in its February 15, 2017 Infringement Contention disclosures. (Dkt. No. 181 at 1.)

On June 7, 2018, after the parties fully briefed the issue, the Court held a hearing on Synchronoss' motion for leave to amend its Infringement Contentions. (Dkt. No. 192.) At the hearing, counsel for Dropbox, Mr. Adam D. Harber of Williams & Connolly LLP, stated that as a result of Synchronoss not asserting the aforementioned claims of the '757 patent, Synchronoss "created a situation where there was no overlap between what was happening in the IPR and what was happening in the district court" and Dropbox relied on this lack of overlap when drafting its Invalidity Contentions, specifically, that without any overlap between the two sets of claims in the IPR and the district court, there was never any question as to the potential, albeit limited, preclusive effect of the PTAB's decision on invalidity defenses that Dropbox might have asserted in this action. (Def.'s Mot. at 3; Dkt. No. 211-6, Ex. 6 at 10:19-11:7.)

On June 14, 2018, the Court granted Synchronoss' motion for leave to amend. (Dkt. No. 195.) Afterwards, Synchronoss served its Supplemental Disclosure of Asserted Claims and Infringement Contentions upon Dropbox. (Def.'s Mot. at 3.)

On June 15, 2018, Synchronoss filed a Motion to Terminate Appeal (filed in December of 2017) and Remand in light of *SAS Institute v. Iancu* for a ruling on all grounds raised in the original petition before the PTAB. (Dkt. No. 211-7, Ex. 7.)

On July 23, 2018, the U.S. Court of Appeals for the Federal Circuit granted Synchronoss' June 15, 2018 motion, remanding the matter to the PTAB to consider all of the challenged patent claims and all challenged invalidity grounds. (Def.'s Mot. at 3; Dkt. No. 211-8, Ex. 8.)

## II. LEGAL STANDARD

"The Northern District of California has adopted local rules that require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed Cir. 2006). The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (quotations omitted); *O2 Micro Int'l Ltd*. 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

Patent Local Rule 3-3 requires that each party opposing a claim of patent infringement shall serve on all parties its Invalidity Contentions not later than 45 days after service upon it of the disclosure of asserted claims and Infringement Contentions from a party claiming patent infringement. Pursuant to that local rule, the Invalidity Contentions must contain (a) the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious; (b) whether each item of prior art anticipates each asserted claim or renders it obvious, and if obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness; (c) a chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims. Patent L.R. 3-3.

A party may also amend its Invalidity Contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. The good cause inquiry is two-fold: (1) whether

4

the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted. *24/7 Customer, Inc. v. Liveperson, Inc.,* No. 3:15-cv-02897-JST (KAW), 2016 WL 6673983, at *2 (N.D. Cal. Nov. 14, 2016) (citing *Barco N.V. v. Tech. Properties Ltd.*, 2011 WL 3957390, at * 1 (N.D. Cal. Sept. 7, 2011)). The moving party has the burden of demonstrating good cause. *O2 Micro Int'l*, 467 F.3d at 1366. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (1) an adverse claim construction; (2) recent discovery of material prior art despite an earlier diligent search; and (3) recent discovery of nonpublic information about the accused product that, despite diligent efforts, was not discovered before service of the Infringement Contentions. Patent L.R. 3-6.

In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and whether the opposing party will be prejudiced by the amendment. *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2016 WL 3648594, at *2 (N.D. Cal. July 6, 2016) (citing *Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, *2-3 (N.D. Cal. May 17, 2007)).

### III. DISCUSSION

Defendant Dropbox argues that it should be allowed to amend its Invalidity Contentions mainly because: (A) Dropbox has been diligent in seeking leave to amend, (B) Synchronoss will not be prejudiced by the amendments and even if the Court were to conclude that Dropbox was not diligent in seeking amendment, (C) the Court should use its discretion to grant Dropbox's leave to amend. (Def.'s Mot. at 5-8.) Synchronoss opposes all three reasons. (Pl.'s Opp'n at 4-9.)

**A. Dropbox's Diligence in Seeking Leave to Amend**

The moving party bears the burden of first establishing diligence. *O2 Micro*, 467 F.3d at 1355; *Radware Ltd. v. F5 Networks, Inc.*, No. 13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014) ("The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence."). Diligence consists of two steps: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for

amendment has been discovered." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017) (quoting *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-1745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015)). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Radware*, 2014 WL 3728482, at *1.

Dropbox asserts here that it has been diligent in both "discovering the basis for" and "seeking" amendment because once it became apparent that Synchronoss was intending to not only add new claims that had been addressed in the IPR, but also to seek PTAB consideration of additional claims and grounds, Dropbox diligently set about identifying the relevant source code sections for the two prior art systems of CVS and Coda that it previously had identified and disclosed as systems on which it was relying in its initial Invalidity Contentions. (Def.'s Mot. at 5-6.) Dropbox also states that it has worked diligently with its experts, since the Court's June 14, 2018 grant of Synchronoss' motion to leave to amend its Infringement Contentions, to identify specific portions of the source code for both the CVS and Coda systems that practiced various limitations of '757 patent claims, and has diligently set about identifying these source code sections before any depositions have taken place and before expert discovery has even begun. (Def.'s Mot. at 6.) Dropbox concludes that invalidity defenses based on prior art *systems* discussed in the Invalidity Contentions are not subject to estoppel, and these defenses are particularly relevant now since Synchronoss is seeking to assert estoppel as to all claims in the matter. (*Id.*)

In response, Synchronoss argues that no such excuse exists for Dropbox's delay in "discovering the basis for" and "seeking" amendment because Dropbox relied on documents describing Coda and CVS in its IPR petitions filed over two years ago. (Pl.'s Opp'n at 4.) Synchronoss further contends that because the source code was available online including when Dropbox served its Rule 3-3 Invalidity Contention disclosures on June 9, 2017, Dropbox could have easily included the information in its original Rule 3-3 Invalidity Contention disclosures but failed to do so. (*Id.* at 4-5.) Synchronoss also asserts that Dropbox's argument that it could not begin supplementing its Invalidity Contentions until it became apparent that Synchronoss was intending to add new claims and seek PTAB consideration of additional claims and grounds is

6

baseless because Synchronoss *charted* the claims in its original Infringement Contentions served on February 15, 2017, so Dropbox was on notice at least as early as then. Synchronoss also points out Dropbox does not explain why it is seeking amendment of its Invalidity Contentions more than a year after serving their original ones, and does not allege that the code was difficult to find, when Synchronoss' expert declared that versions of Coda and CVS were "easily obtainable." (*Id.* at 5.) In conclusion, Synchronoss avers that Dropbox wants "two bites at the apple" because Dropbox "lost the IPR proceedings," and now "wants to skirt the invalidity litigation at the Patent Office and assert here a late public-use defense that it chose not to include in its original invalidity contentions." (*Id.*)

In reply, Dropbox states that it unquestionably could have asserted prior art invalidity defenses based on printed publications that were at issue in the IPRs until June 28, 2018, as the case was limited then to claims that had not been instituted for review by the PTAB. (Def.'s Reply at 3.) Yet, as soon as the Court issued its June 14, 2018 order allowing Synchronoss to amend its Infringement Contentions and to expand its asserted claims to overlap with those in the IPR, Dropbox worked diligently with its experts to supplement its Invalidity Contentions as to the Coda and CVS prior art systems it had previously disclosed. (*Id.*) Dropbox further mentions it moved to amend its Invalidity Contentions within roughly two months from the date of the Court's June 14, 2018 order and within a month of the Federal Circuit's July 23, 2018 order remanding to the PTAB for further proceedings, whereas Synchronoss waited almost six months to amend its infringement contentions after the PTAB's Final Written Decision, which was the purported basis for Synchronoss' amendment to its Infringement Contentions. (*Id.*) In addition, Dropbox mentions that Synchronoss' *charting* of parent claims to asserted dependent claims and failure to assert those charted parent claims informed Dropbox that those charted claims were *not* at issue. (*Id.* at 4.) Finally, Dropbox mentions its one-year delay in amending its Invalidity Contentions previously seemed acceptable to Synchronoss and that Dropbox is not adding any new prior art to its Invalidity Contentions that it had not previously disclosed, e.g., merely expanding on its previous disclosures as to CVS and Code so as to fit the case to circumstances that Synchronoss has recently brought about.

7

1    On balance, the Court finds that Dropbox acted diligently in both "discovering the basis for" and "seeking" amendment of its Invalidity Contentions. The trigger for amending Dropbox's Invalidity Contentions is undoubtedly the Court's June 14, 2018 order granting Synchronoss' motion to amend its Infringement Contentions to add newly asserted claims, e.g. Claims 1, 8, 16 and 24 of the '757 patent. Synchronoss' Amended Infringement Contentions were served upon Dropbox on June 28, 2018. Dropbox then filed its motion to amend its Invalidity Contentions on August 24, 2018, less than two months after being served with Synchronoss' Amended Infringement Contentions. This shows diligence on Dropbox's part.

### B. The Prejudice to Synchronoss

"If the court finds that the moving party has acted with diligence, it must then determine whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Apple Inc. v. Samsung Elecs. Co. Ltd*, No. 12-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (internal quotation marks omitted). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Verinata Health,* 236 F. Supp. 3d at 1113 (quoting *Karl Storz Endoscopy–Am. v. Stryker Corp.*, No. 14-0876-RS (JSC), 2016 WL 7386136 at *3 (N.D. Cal. Dec. 21, 2016)).

Dropbox asserts that Synchronoss will not suffer any prejudice if Dropbox is granted leave to amend its Invalidity Contentions because: (i) Synchronoss has been on notice of both prior art systems of CVS and Coda, as well as the possibility that Dropbox would assert one or both as part of an invalidity defense, at least since June 9, 2017, when Dropbox served its original Invalidity Contentions; (ii) Dropbox's June 9, 2017 Invalidity Contentions carefully charted the documentation associated with the CVS and Coda systems, and Synchronoss argued in its motion to amend its Infringement Contentions that charting was reason enough to find "no prejudice"; (iii) discovery in the case is still ongoing, and (iv) because Dropbox is producing all relevant documents with its Amended Invalidity Contentions, including the source code for Coda, Synchronoss will have sufficient time to notice depositions to the extent it finds them necessary to address Dropbox's Amended Invalidity Contentions, which is unlikely because Synchronoss has so far not noticed any depositions for the original Invalidity Contentions. (Def.'s Mot. at 7-8.)

In response, Synchronoss alleges that it would "suffer significant harm given that it would be forced to analyze hundreds of files and tens-of-thousands of lines of source code at the end of fact discovery and just weeks away from initial expert disclosures" and having to respond to Dropbox's Invalidity Contentions again in an amended form (having already responded to Dropbox's originally filed Invalidity Contentions on August 3, 2018) during the close of discovery in the middle of depositions "is overwhelming and an undue burden to Synchronoss." (Pl.'s Opp'n at 6.) Synchronoss also complains of never previously seeing this code, experiencing difficulty in deciphering it, and having to undergo "months and hundreds of hours of expert and attorney time to review, parse and analyze" the code as well as Dropbox's Amended Invalidity Contentions. (*Id.* at 7.) Moreover, Synchronoss states that it will be forced to take discovery on any new "theories" disclosed in Dropbox's Amended Invalidity Contentions past the fact discovery deadline, and points to how it "sought repeatedly to avoid the prejudicial situation that Dropbox now seeks to create." (*Id.*)

In reply, Dropbox avers that Synchronoss is "vastly exaggerating" both the scope of the amendments and the additional work it will have to perform if Dropbox is granted leave to amend. (Def.'s Reply at 5.) Dropbox also indicates that Synchronoss has been on notice of the Coda and CVS prior art systems for over a year, an argument against prejudice incurring to another party that Synchronoss itself raised in its motion to amend its Infringement Contentions earlier. (*Id.*) Dropbox also argues that it is difficult to understand why the mere addition of publicly available source code to Invalidity Contentions about systems that have always been in Dropbox's Invalidity Contentions suddenly requires Synchronoss to "take discovery" that it has never previously sought because nothing in Dropbox's amendments would cause a change in the expert discovery strategy employed by Synchronoss to address Dropbox's invalidity theories. (*Id.* at 5-6.) Dropbox further notes that Synchronoss' motion to amend its Infringement Contentions set into motion this current delayed timeline of events, that Synchronoss' responsive expert reports on invalidity are not due until December 21, 2018, and that Synchronoss' lack of sufficient time to prepare its response to Dropbox's amendments are highly exaggerated, especially given the limited nature of the amendment itself, e.g. simply adding support to arguments and prior art

9

systems that Synchronoss and its experts would have had to address anyway. (*Id.* at 6.) Finally, Dropbox argues that while forcing a non-moving party to "expend resources," "analyze hundreds of files and tens-of-thousands of lines of source code at the end of fact discovery" and "re-formulate" its defenses may in a few situations constitute "some prejudice," those burdens in and of themselves are not sufficient to find "substantial and undue prejudice" to deny an amendment. (*Id.* at 6-7) (citing *Nexus Display Techs., LLC v. LG Elecs., Inc.,* No. CV-14-05964-JVS-DFM-X, 2016 WL 6916827, at *4 (C.D. Cal. July 8, 2016)).

Upon consideration of the parties' arguments, the Court finds that Synchronoss does not suffer sufficient prejudice so as to deny Dropbox's motion for leave to amend its Invalidity Contentions. As an initial matter, Dropbox's amendments do not appear to disrupt the case schedule or other court orders, and are therefore not prejudicial to Synchronoss, as far as the timing of the case goes. *Verinata Health,* 236 F. Supp. 3d at 1113. Moreover, Synchronoss has been put on notice of the CVS and Coda prior art systems at least as early as June 9, 2017, when Dropbox served its original Invalidity Contentions. Thus, the Court finds the arguments raised by Synchronoss of having to conduct additional burdensome expert discovery or notice last-minute depositions to adjust its arguments to potential "new" invalidity theories as largely unavailing. The Court also notes that although fact discovery may have closed, Synchronoss' responsive invalidity expert reports are not due until December 21, 2018. Dropbox's amendments to the Invalidity Contentions are also limited in that they only add support and source code documentation to the prior art systems of CVS and Coda that Synchronoss would have to address in any regard.

Finally, the Court finds unpersuasive Synchronoss' complaints involving the burden of analyzing just around 200 pages of difficult-to-understand source code, primarily because experts proficient in understanding and parsing such code are hired to perform this task, and for prejudice under Patent Local Rule 3-6, "the issue is not whether the defendant would be required to engage in additional work in response to [new amendments]…[but] what incremental prejudice results from the *delay* in asserting those [amendments] (*e.g.,* inability to complete discovery because of approaching trial date)." *Trans Video Elecs., Ltd. v. Sony Elecs.*, 278 F.R.D. 505, 509 n.2 (N.D. Cal. 2011).

10

**C. The Court's Discretion in Granting Leave to Amend**

"It is generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2017 WL 2774339, at *6 (N.D. Cal. June 26, 2017) (quoting *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 1648175, at *2 (N.D. Cal. Apr. 23, 2014)); *accord DCG Sys.*, 2012 WL 1309161, at *2-3. Moreover, the Court "retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party." *Karl Storz,* 2016 WL 7386136, at *3 (citing *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5-6 (N.D. Cal. Nov. 15, 2012); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-cv-3724 CW, 2013 WL 5609325, at *3 (N.D. Cal. Oct. 11, 2013)). "Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *Apple*, 2012 WL 5632618, at *5.

Here, Dropbox argues that principles of fairness dictate that Dropbox should be permitted to amend its invalidity contentions because its amendments are clearly not "motivated by gamesmanship," and allowing the amendments would not prejudice Synchronoss. (Def.'s Mot. at 8.) In response, Synchronoss accuses Dropbox as engaging in gamesmanship. (Pl.'s Opp'n at 7.) In reply, Dropbox argues that if the Court were to deny its motion to amend its Invalidity Contentions, Synchronoss would be effectively permitted to unfairly game the Local Rules. (Def.'s Reply at 7.)

The Court finds, in its discretion, that Dropbox should be permitted to amend its Invalidity Contentions for at least the equitable reason that Synchronoss has been permitted to amend its Infringement Contentions. Also, the Court finds that Dropbox did not engage in any gamesmanship or any other behavior that would unduly prejudice Synchronoss. Ample time also remains in discovery for Synchronoss to respond to and address Dropbox's Amended Invalidity Contentions, as the rebuttal or responsive expert reports on invalidity – where Synchronoss would be able to address the materials that Dropbox is seeking leave to add to its originally filed Invalidity Contentions – are not due until December 21, 2018.

11

### IV. CONCLUSION

In light of the foregoing, the Court GRANTS Defendant Dropbox's Motion to Amend its Invalidity Contentions.

IT IS SO ORDERED.

Dated: October 29, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge