UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., Plaintiff, v. DROPBOX INC., et al., Defendants. | Case No. 16-cv-00119-HSG<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 197, 204, 212 |

On August 6, 2018, Dropbox filed a motion to modify the scheduling order. Dkt. No. 198. Synchronoss filed its opposition on August 20, 2018, *see* Dkt. No. 205, and Dropbox filed its reply on August 27, 2018, *see* Dkt. No. 213. With its motion to modify the scheduling order, Dropbox filed an administrative motion to file under seal portions of the motion. *See* Dkt. No. 197. The parties filed similar motions in connection with Synchronoss's opposition, *see* Dkt. No. 204, and Dropbox's reply, *see* Dkt. No. 212.

## I.  LEGAL STANDARD

For motions to seal that comply with the local rules, courts generally apply a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations

omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotation marks and citation omitted). The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

///

## II. DROPBOX'S MOTIONS TO FILE UNDER SEAL

Dropbox filed motions to file under seal portions of both its motion to modify and its reply in support of its motion to modify. *See* Dkt. Nos. 197, 212. For both, Dropbox attached declarations stating that "Pursuant to Local Rule 79-5(e), the following table identifies the portions of the [Motion/Reply] that contain or refer to information that was designated 'Attorneys' Eyes Only.'" *See* Dkt. No. 197-1 ¶ 3; Dkt. No. 212-1 ¶ 3. Both motions to file under seal identify purportedly confidential information of two designating parties: Synchronoss and BlackBerry Corporation ("BlackBerry"). *See* Dkt. No. 197-1 at 1; Dkt. No. 212-1 at 1. Only Blackberry, however, complied with the local rules and filed declarations establishing that its designated material is sealable. *See* Dkt. Nos. 202, 203, 216.

Although Dropbox complied with Civil Local Rule 79-5(d)(1)(B)–(D) in filing its motions to file under seal, neither motion complied with Civil Local Rule 79-5(d)(1)(A). Specifically, the Declarations attached to Dropbox's motions to file under seal only stated that, "Pursuant to Local Rule 79-5(e), the following table identifies the portions of the [Motion/Reply] that contain or refer to information that was designated 'Attorneys' Eyes Only.'" *See* Dkt. No. 197-1 ¶ 3. But this statement alone is insufficient to establish sealability, as "Attorneys' Eyes Only" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'" (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)); *see also* Stip. Port. Ord., Dkt. No. 127 at 3–8, 11–13, 15, 22, 25–26, 28, 30. Thus, Dropbox's motions to file under seal do not comply with Civil Local Rule 79-5(d)(1)(A).[1]

More important, the Court also finds that Dropbox has not stated compelling reasons to

---

[1] In addition, as the designating party for much of the material in Dropbox's motions, Synchronoss did not comply with Civil Local Rule 79-5(e)(1), because it did not file a Declaration within four days of Dropbox's administrative motions.

3

1 seal relevant passages. As noted above, Dropbox's cursory reference to the "Attorneys' Eyes
2 Only" language is inadequate. And even if Dropbox had presented compelling reasons, it did not
3 submit a narrowly tailored list of sealable material. For example, Dropbox seeks to redact some
4 discussion about a licensing agreement. *See* Dkt. No. 197-4, at 3:16–22. And yet, that same
5 discussion is unredacted in Dropbox's proposed amended answer. *See* Dkt. No. 198-6, at 7:17–22.
6 Dropbox also seeks to redact information about Synchronoss's damages request. *See* Dkt. No.
7 212-4, at 6:20–21. But that statement is publicly available in a prior filing. *See* Dkt. 206-4, at 3
8 (noting Synchronoss's damages request "totaling in the hundreds of millions of dollars").[2]

Unlike Synchronoss, BlackBerry filed the necessary Declarations under Civil Local Rule 79-5(e)(1). *See* Dkt. Nos. 202, 203, 216. In those Declarations, BlackBerry stated that redacted portions for which it was the designating party "refer to confidential business information of Blackberry, the disclosure of which could result in irreparable harm to BlackBerry." *See* Dkt. No. 202 ¶ 3; *see also* Dkt. No. 216 ¶ 3. Because BlackBerry is a third party that fulfilled its obligations under the local rules, the Court considers whether representations in BlackBerry's declarations are sufficient to justify sealing portions of Dropbox's motions for which BlackBerry was the designating party, despite Dropbox's failure to comply with the local rules. And having reviewed BlackBerry's declarations, the Court finds that there are "compelling reasons" to seal those portions because they appear to disclose confidential negotiations and business strategies. *See In re Qualcomm Litig.*, No. 3:17-CV-0108-GPB-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

### III. SYNCHRONOSS'S MOTION TO FILE UNDER SEAL

Like Dropbox, Synchronoss filed an administrative motion to file under seal portions of its opposition to the motion to modify. *See* Dkt. No. 204. Synchronoss also sought to file under seal exhibits to its opposition. *Id.* Unlike Dropbox, Synchronoss presented more than a cursory justification for sealing information. *See* Dkt. No. 204.

Having reviewed Synchronoss's submissions, the Court finds that Synchronoss adequately

---

[2] These examples are not meant to be an exhaustive list of failures to narrowly tailor sealable material.

4

justifies its sealing requests.  Synchronoss's motion to file under seal explains in adequate detail that the concerned information in its opposition to the motion to modify, as well as the exhibits, "contain highly confidential, trade secret, and sensitive business information and practices of Synchronoss and third parties . . . . including specific terms of confidential license and settlement agreements between Synchronoss and third party entities." *See* Dkt. No. 204, at 2–3. Synchronoss adds that disclosure "could result in an unfair economic and competitive advantage to Synchronoss's competitors." *Id.* at 3.  These explanations are an adequately "particularized showing" of "specific prejudice or harm." *See Phillips*, 307 F.3d at 1210–11 (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

## IV. CONCLUSION

The Court **DENIES** without prejudice Dropbox's sealing requests as it relates to portions of its motion to modify the scheduling order and its reply to Synchronoss's opposition for which Synchronoss is the designating party, but **GRANTS** Dropbox's sealing request as it relates to portions of its motion and reply for which BlackBerry is the designating party.  The Court **GRANTS** Synchronoss's sealing request.  Pursuant to Civil Local Rule 79-5(f)(1), those documents filed under seal as to which the administrative motions are granted will remain under seal.

Pursuant to Civil Local Rule 79-5(f)(2) and (3), Dropbox may file unredacted or revised redacted versions, as appropriate, of the documents discussed above that comply with the Court's order within seven days.  The parties may file a new motion to seal within seven days of this order according to the requirements discussed above.

For any future motions to seal, the Court expects the parties will use their best objective judgment to file motions that are narrowly tailored, properly supported by declarations, and that satisfy the requisite standards.

**IT IS SO ORDERED.**

Dated: 11/15/2018

*/s/ Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge