# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> DROPBOX INC., et al., <br> Defendants. | Case No. 16-cv-00119-HSG <br><br> **ORDER DENYING RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Re: Dkt. No. 245 |

On August 6, 2018, Dropbox filed a motion to modify the scheduling order. Dkt. No. 198. Synchronoss filed its opposition on August 20, 2018, *see* Dkt. No. 205, and Dropbox filed its reply on August 27, 2018, *see* Dkt. No. 213. With its motion to modify the scheduling order and reply to Synchronoss's opposition, Dropbox filed administrative motions to file under seal portions of the filings. *See* Dkt. Nos. 197, 212. On November 15, 2018, the Court denied in part Dropbox's sealing requests. Dkt. No. 242. On November 21, 2018, Dropbox filed a renewed administrative motion to file under seal portions of its motion to modify the scheduling order and its reply to Synchronoss's opposition. Dkt. No. 245.

## I.  LEGAL STANDARD

For motions to seal that comply with the local rules, courts generally apply a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the

general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation omitted). The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

## II. DROPBOX'S RENEWED MOTION TO FILE UNDER SEAL

Dropbox filed administrative motions to file under seal portions of both its motion to modify the scheduling order and its reply to Synchronoss's opposition. *See* Dkt. Nos. 197, 212. This Court denied Dropbox's motions to file under seal as it related to excerpts for which Synchronoss was the designating party, and for three independently sufficient reasons: (1) Synchronoss failed to comply with Civil Local Rule 79-5(e)(1), because it did not file a necessary Declaration within four days of Dropbox's administrative motions, *see* Dkt. No. 242, at 3 n.1; (2) Dropbox did not provide adequate reasons justifying the sealing requests, *see id.* at 3–4; and (3) the sealing requests were not narrowly tailored, as the Court demonstrated with two excerpts that Dropbox redacted, but which were publicly available in either Dropbox's proposed amended answer or in prior filings, *see id.* at 4. The Court explained that "[f]or any future motions to seal, the Court expects the parties will use their best objective judgment to file motions that are narrowly tailored, properly supported by declarations, and that satisfy the requisite standards." *Id.* at 5.

In its renewed motion, Dropbox provides additional reasons justifying the sealing requests. *See* Dkt. No. 245.[1] And Synchronoss timely filed a Rule 79-5(e)(1) Declaration. *See* Dkt. No. 250. The renewed sealing requests, however, are not narrowly tailored. Neither Dropbox's renewed motion nor Synchronoss's Declaration even addressed the two excerpts that are publicly available in Dropbox's proposed amended answer or in prior filings. *See* Dkt. No. 242, at 4. Instead, the renewed motion requests sealing of the identical information for which Dropbox requested sealing in the first instance. *See* Dkt. No. 245, at 2–3. The failure to address these excerpts in any manner demonstrates that the parties did not "use their best objective judgment to file motions that are narrowly tailored," as is required and as the Court instructed. *See* Dkt. No. 242, at 5.

---

[1] The Court does not consider whether the additional reasons adequately support the sealing requests because the failure to provide a narrowly tailored list of sealable material is dispositive on this motion.

3

### III. CONCLUSION

For the foregoing reasons, Dropbox's renewed motion to file under seal is **DENIED**. The Court will not consider Dropbox's underlying motion to modify the scheduling order unless Dropbox files an unredacted version of its motion and reply to Synchronoss's opposition within 7 days of this order.[2]

**IT IS SO ORDERED.**

Dated: 12/4/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Dropbox may continue to redact portions of the filings for which BlackBerry Corporation is the designating party, as provided by this Court's November 15, 2018 order. *See* Dkt. No. 242, at 4.