UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., Plaintiff, v. DROPBOX INC., et al., Defendants. | Case No. 4:16-cv-00119-HSG (KAW) **ORDER RE: JOINT DISCOVERY LETTER BRIEFS** Re: Dkt. Nos. 258, 260 |

This Order resolves two closely related Joint Discovery Letter Briefs ("JDLBs") filed by the parties: (1) A JDLB filed on November 21, 2018 ("JDLB-1") (Dkt. Nos. 247, 260) and (2) another JDLB filed on December 5, 2018 ("JDLB-2") (Dkt. No. 258). Each discovery letter will be addressed in turn.

I.  **JDLB-1 (Filed on November 21, 2018)**

On November 21, 2018, the parties filed JDLB-1. (Dkt. No. 247) Also on November 21, 2018, Defendant Dropbox, Inc. ("Defendant" or "Dropbox") filed an Administrative Motion to File Under Seal JDLB-1 ("First Sealing Motion"). (Dkt. No. 246.) On December 3, 2018, the Court denied Defendant's First Sealing Motion because the entirety of JDLB-1 was redacted. (Dkt. No. 251.) On December 6, 2018, Defendant filed another Administrative Motion to File Under Seal JDLB-1 ("Second Sealing Motion"), this time redacting specific lines within JDLB-1 and Exhibit 1 to the Declaration of Christopher Mandernach in support of JDLB-1 ("Ex. 1"). (Dkt. No. 259.) Also, on December 6, 2018, Defendant filed the redacted versions of JDLB-1 and Ex. 1, where specific lines were redacted in each document from the Second Sealing Motion pertaining to an issue that Dropbox is requesting information about ("the requested issue"). (Dkt. No. 260.) As such, the Court granted the Second Sealing Motion on December 18, 2018. (Dkt. No. 264.) Upon review of the arguments made by both parties in JDLB-1, the Court hereby orders the

following:

1. Plaintiff Synchronoss shall provide a written statement to Defendant Dropbox answering Dropbox's question about the requested issue in lieu of providing additional deposition testimony. This written statement will also be subject to the highest level of confidentiality under the current Protective Order in this case, or "Highly Confidential – Attorneys Eyes Only."[1] The Court disagrees with Synchronoss' argument that the attorney-client privilege extends *carte blanche* to the requested issue because Synchronoss has not established that the requested issue implicates any attorney-client communications or attorney work-product, nor has Synchronoss cited any relevant authority holding that the requested issue is covered by such a blanket privilege. Moreover, although Synchronoss contends that the requested issue is irrelevant to this case, there is merit in Dropbox's argument that the requested issue is related to the restated accounting statements the Court ordered to be produced previously. (Dkt. No. 225.)

2. Dropbox's request to obtain documents pertaining to the requested issue is DENIED in part. It does not appear from the joint letter that Dropbox had issued a request for production of documents directed at obtaining information about the requested issue. Moreover, the document request Dropbox refers to was addressed in this Court's prior order in which Synchronoss was ordered to produce responsive documents. To the extent that any responsive documents were also about the requested issue (and not duplicative), they must be produced pursuant to the existing protective order as discussed above.

3. The parties shall:

(i) Meet-and-confer about specifically which non-privileged or privileged documents reviewed by Mr. Prague in preparation for his Rule 30(b)(6) testimony should be produced or withheld on the basis of being attorney work-product or attorney-client communications; and

(ii) For all documents to be withheld, Synchronoss shall produce a privilege log. The privilege log shall comply with Judge Westmore's Standing Order ¶ 20.

---

[1] The Court notes that the parties have stipulated that the topic at issue will be designated highly confidential.

## II. JDLB-2 (Filed on December 5, 2018)

On December 5, 2018, Plaintiff Synchronoss Technologies, Inc. ("Plaintiff" or "Synchronoss") filed a redacted version of JDLB-2. (Dkt. No. 258.) Also on December 5, 2018, Plaintiff filed an Administrative Motion to File Under Seal JDLB-2 ("Motion to Seal JDLB-2") that provided a basis for redacting certain lines and portions of JDLB-2. (Dkt. No. 257.) On December 17, 2018, the Court granted Plaintiff's Motion to Seal JDLB-2. (Dkt. No. 263.)

Upon review of the arguments made by both parties in JDLB-2, the Court finds that a protective order barring all discovery involving the requested issue would be improper here. As discussed above, Synchronoss has failed to provide sufficient authority to support a wholesale protective order. The case cited by Plaintiff stands only for the general principle that such information does not itself establish fraudulent conduct in the context of a motion to dismiss. The case does not conclude that it can never be relevant in the discovery context. A protective order is already in effect in this case. The Court also finds that Plaintiff's concerns about the risk of disclosure in contravention of the current protective order are unfounded. (Dkt. No. 258 at 2.) To the extent that any such discovery is cumulative, however, Synchronoss is not required to produce documents that have already been produced. Accordingly, the Court DENIES Plaintiff Synchronoss' request to enter a protective order prohibiting any and all discovery related to the requested issue sought by Defendant Dropbox.

IT IS SO ORDERED.

Dated: December 20, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge