UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> DROPBOX INC. <br> Defendant. | Case No. 16-cv-00119-HSG <br> **ORDER GRANTING MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE A FIRST AMENDED ANSWER** <br> Re: Dkt. No. 254 |

On March 27, 2015, Plaintiff Synchronoss Technologies, Inc. ("Synchronoss") filed its complaint against Defendant Dropbox, Inc. ("Dropbox"). Dkt. No. 1. Dropbox submitted an answer to the complaint on January 10, 2017. Dkt. No. 119. On January 10, 2018, the Court issued a scheduling order, which included a January 19, 2018 "deadline to amend the pleadings without filing a motion seeking leave to amend the pleadings." Dkt. No. 173. On August 6, 2018, Dropbox filed a motion seeking modification of the scheduling order and leave to file an amended answer, to include an unclean hands affirmative defense. Dkt. No. 198. Synchronoss filed its opposition on August 20, 2018, *see* Dkt. No. 205 ("Mot. to Modify Opp."), Dropbox filed its reply on August 27, 2018, *see* Dkt. No. 213, and the Court held a hearing on November 1, 2018, *see* Dkt. No. 238.

The parties filed administrative motions to file under seal portions of the motion, opposition, and reply. *See* Dkt. Nos. 197, 204, 212. After the Court denied in part the sealing requests related to Dropbox's motion and reply, *see* Dkt. No. 242, and denied Dropbox's renewed sealing requests, *see* Dkt. No. 252, Dropbox timely filed versions of its motion and reply that only redacted portions previously authorized by the Court, as required under Local Rule 79-5, *see* Dkt. Nos. 254 ("Mot. to Modify"), 255 ("Mot. to Modify Reply"); *see also* Civ. L.R. 79-5(f)(3) ("If the

Administrative Motion to File Under Seal is denied or granted in part, the document sought to be sealed will not be considered by the Court unless the Submitting Party files a revised redacted version of the document which comports with the Court's order within 7 days after the motion is denied."). The Court now considers the revised redacted version of Dropbox's motion to modify the scheduling order and for leave to file a first amended answer.

## I. LEGAL STANDARD

A party seeking to amend a pleading after expiration of the deadline set in a scheduling order "must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)."[1] *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). The Ninth Circuit has provided that:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case."). Although "many more motions seeking modification of scheduling orders are denied than are granted," *see* Wright & Miller § 1522.2, courts are more willing to modify scheduling orders and allow parties to amend their pleadings based on newly discovered information that parties could not have discovered before with reasonable diligence, *see, e.g.*, *M.H. v. Cty. of Alameda*, No. 11-cv-2862-CW, 2012 WL 5835732, at *3 (N.D. Cal. Nov. 16, 2012).

Once a court finds good cause to merit modification of the scheduling order under Rule

---

[1] All references to "Rule" hereinafter refer to the Federal Rules of Civil Procedure.

16(b), the court must then consider whether to permit leave to amend the pleadings under Rule 15(a). Under Rule 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). The five factors relevant to determining proper amendment are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same factors). The Court weighs prejudice to the opposing party most heavily. *See Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

## II. DISCUSSION

### A. Modification of the Scheduling Order is Warranted Under Rule 16.

Dropbox claims it seeks modification of the scheduling order in good faith, because it only learned of facts to support its unclean hands defense—which predicates Dropbox's request for leave to amend its answer—in July 2018. *See* Mot. to Modify, at 5. Specifically, Dropbox claims that Synchronoss disclosed information in a 10-K filing that demonstrated an "orchestrated effort to artificially inflate the value of the Patents-in-Suit," which Dropbox believes can serve as the basis for an unclean hands defense. *Id.*

Synchronoss did not dispute that good cause exists to justify modification of the scheduling order under Rule 16(b), as it did not address Rule 16 in its opposition. Nor could it, in the Court's view, as nothing suggests Dropbox could have discovered the pertinent facts, and thus have been able to seek modification of the scheduling order and leave to amend its answer, before the July 2018 disclosure.

### B. Leave to Amend is Warranted Under Rule 15.

Dropbox has also shown that leave to amend its answer should be granted under this circuit's liberal standard under Rule 15. To start, there have been no previous amendments and

1  Dropbox did not delay in seeking leave to amend after learning of the relevant facts to support its

2  proposed unclean hands defense. In addition, amendment would not be futile. "[A] proposed

3  amendment is futile only if no set of facts can be proved under the amendment to the pleadings

4  that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845

5  F.2d 209, 214 (9th Cir. 1988). Here, Dropbox's proposed amended answer provides that

6  "Synchronoss orchestrated an effort to artificially inflate the value of the asserted patents by

7  entering into illusory licensing agreements," and then "attempted to rely on those licenses to

8  extract money from Dropbox in this litigation." *See* Dkt. No. 198-6, at 6–7. The Court finds that

9  there is a "set of facts" that could be proved that would constitute a valid defense under the

10  amendment, and thus finds that amendment would not be futile. *See Miller*, 845 F.2d at 214.[2]

11  The Court further finds that leave to amend is not sought in bad faith. Synchronoss argues

12  that Dropbox acted in bad faith, but only claims bad faith exists because Dropbox's requested

13  amendment is futile. *See* Mot. to Modify Opp., at 11 ("Given Dropbox has not and cannot plead

14  any facts to support an unclean hands defense . . . Dropbox's attempt to add [the defense]

15  recklessly raises frivolous arguments and is factually baseless.") In other words, Synchronoss's

16  bad-faith contention is entirely derivative of its futility claims. Because the Court finds that

17  amendment would not be futile, as noted above, it therefore rejects Synchronoss's claim that

18  Dropbox proposes the amendment in bad faith.

19  Finally, the Court finds that leave to amend would not prejudice Synchronoss.

20  Synchronoss argues that because fact discovery is closed, an "amendment would effectively bar

21  Synchronoss from obtaining discovery to refute the alleged unclean hands defense proposed by

22  Dropbox." *Id.* It is currently unclear what additional discovery Synchronoss might need,

23  however, given that any evidence to refute the alleged unclean hands defense is presumably within

24  Synchronoss's control. And even if some limited discovery were necessary, the mere need for

25  additional discovery, by itself, does not constitute sufficient prejudice under Rule 15 to withhold

---

[2] At the hearing on this motion, Dropbox's counsel added that the unclean hands defense affords broader remedies than would otherwise be available to Dropbox from merely introducing this evidence as part of a general defense on the value of the patents.

leave to amend. *See, e.g.*, *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-1393-JST, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010).

Having found no evidence of futility, prejudice, bad faith, or undue delay, the Court finds that it should grant Dropbox's requested leave to amend.

## III. CONCLUSION

The Court **GRANTS** Dropbox's refiled motion to modify the scheduling order and for leave to file an amended answer.[3] Dropbox shall file its amended answer within three days of the date of this order.

**IT IS SO ORDERED.**

Dated: 1/3/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Dropbox's initial motion to modify the scheduling order and for leave to file an amended answer is moot. *See* Dkt. No. 198.

5