UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> DROPBOX INC., et al., <br> Defendants. | Case No. 4:16-cv-00119-HSG (KAW) <br><br> **ORDER REGARDING 4/23 JOINT DISCOVERY LETTER; ORDER DENYING MOTION TO SEAL AS MOOT** <br><br> Re: Dkt. Nos. 298, 299 |

On April 23, 2019, the parties filed a joint discovery letter regarding the sufficiency of a recent document production, which was accompanied by a motion to file portions of the letter under seal. (Joint Letter, Dkt. No. 299; Mot. to Seal, Dkt. No. 298.) Specifically, Dropbox contends that Synchronoss represented that it had produced all responsive documents as ordered on September 26, 2018, but that representation was false, because, on February 21, 2019, Plaintiff produced 45 documents related to the accounting treatment and valuation of Synchronoss's licenses. (Joint Letter at 2.) Synchronoss asserted that the documents were initially withheld based on attorney-client privilege. *Id*. Based on the improper withholding of documents, Dropbox seeks relief from the parties' prior agreement that privilege logs need not be produced for documents withheld based on attorney-client privilege that were created after March 27, 2015. *Id.*

As an initial matter, Plaintiff contends that the dispute is not properly before the Court, because fact discovery is closed. (Joint Letter at 4 n. 1.) The deadline to complete fact depositions and associated "document cleanup" was October 18, 2018, and the deadline to complete expert discovery, with the exception of two noticed expert depositions, was April 5, 2019. (Dkt. Nos. 232 & 291.) While true, this dispute arises from documents the undersigned previously ordered produced, rendering it properly before the Court since it concerns whether Synchronoss has

complied with prior court orders.

Regardless, the Court will not require Synchronoss to create a privilege log at this juncture. The parties agreed more than two years ago to exempt certain categories of documents from the privilege log requirement. (Stipulated Protective Order, Dkt. No. 127.) Now, the trial date of August 12, 2019 is less than four months away, such that requiring Plaintiff to create even a limited privilege log at this late stage in the litigation would be unduly burdensome and would require the expending of resources better spent on trial preparation, particularly given that Dropbox is merely speculating that the alleged accounting-related documents exist and are being withheld. (Joint Letter at 5.) Indeed, Synchronoss provides that it has produced all responsive, non-privileged documents. *Id.* Since mere suspicion is not grounds to compel production, Dropbox must abide by the terms of its prior agreement.

Accordingly, the Court DENIES Dropbox's request to compel a privilege log, and the motion to seal is DENIED as moot.

IT IS SO ORDERED.

Dated: May 1, 2019

KANDIS A. WESTMORE
United States Magistrate Judge