UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DROPBOX INC., et al., <br><br> Defendants. | Case No. 16-cv-00119-HSG <br><br> **ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 274, 281, 287, 305, 314, 316, 321, 325, 328, 329, 332, 350, 353, 356, 359, 361, 367, 370, 373, 382, 383, 385, 388, 390, 395 |

Pending before the Court are administrative motions to file under seal portions of various filings in this case. *See* Dkt. Nos. 274, 281, 287, 305, 314, 316, 321, 325, 328, 329, 332, 350, 353, 356, 359, 361, 367, 370, 373, 382, 383, 385, 388, 390, 395. The Court **DENIES** these motions in their entirety.

## I. LEGAL STANDARD

For motions to seal that comply with the local rules, courts generally apply a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure

and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation omitted). The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

//
//

## II. DISCUSSION

Having carefully considered the pending administrative motions to file under seal, the Court finds that various defects preclude granting these motions. At times, designating parties failed to submit Rule 79-5 declarations. And the parties generally did not narrowly tailor their sealing requests, as most sealing requests sought to redact substantial volumes of information otherwise unredacted in other portions of the same or other filings. What follows describes some of the defects in each administrative motion. These examples are not meant to be an exhaustive list of the parties' failures; rather, they demonstrate the myriad ways that the parties have not complied with the local rules or otherwise submitted proper sealing requests.

### A. Dkt. No. 274

Dropbox submitted an administrative motion to file under seal portions of its motion to strike portions of the expert reports of Christopher Alpaugh. *See* Dkt. No. 274. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Dropbox did not submit a narrowly tailored list of sealable material. For example, Dropbox at one point seeks to redact the term "block server," *see* Dkt. No. 274-4 at 14:2, but the same discussion about the block server is unredacted on the previous page, *see id.* at 13.

### B. Dkt. No. 281

Synchronoss submitted an administrative motion to file under seal portions of its opposition to Dropbox's motion to strike portions of the expert reports of Christopher Alpaugh. *See* Dkt. No. 281. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Synchronoss did not submit a narrowly tailored list of sealable material. For example, Synchronoss seeks to redact any reference to Apple in its opposition. *See* Dkt. No. 281-8 at 15–16. But the identification of Apple is unredacted in Dropbox's motion, and thus publicly available. *See* Dkt. No. 275 at 21–25. And Synchronoss seeks to redact quotes of Dropbox's motion which are unredacted in the underlying motion. *Compare, e.g.*, Dkt. No. 281-8 at 7, *with* Dkt. No. 275 at 13.

//
//

**C. Dkt. No. 287**

Dropbox submitted an administrative motion to file under seal portions of its reply in support of its motion to strike portions of the expert reports of Christopher Alpaugh. *See* Dkt. No. 287. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Dropbox did not submit a narrowly tailored list of sealable material. For example, Dropbox seeks to redact references to Apple in its reply. *See* Dkt. No. 287-4 at 13. But the identification of Apple is unredacted in Dropbox's motion, and thus publicly available. *See* Dkt. No. 275 at 21–25. And again, Dropbox seeks to redact references to "block server," which are unredacted elsewhere. *Compare* Dkt. No. 287-4 at 6:1, *with* Dkt. No. 275 at 13–14.

**D. Dkt. No. 305**

Synchronoss submitted an administrative motion to file under seal portions of its motion to strike portions of the expert reports of Dr. Keith Ugone and Dr. Michael Freedman. *See* Dkt. No. 305. Synchronoss later filed a motion to remove incorrectly filed documents, indicating that certain exhibits filed publicly with docket numbers 305 and 306 should have been filed under seal. *See* Dkt. No. 312. Synchronoss stated that it would resubmit these documents under seal, but failed to do so. *See id.* The Court thus cannot now determine whether any information should be filed under seal.

**E. Dkt. No. 350**

Dropbox submitted an administrative motion to file under seal portions of its opposition to Synchronoss's motion to strike portions of the expert reports of Ugone and Freedman. *See* Dkt. No. 350. Synchronoss, however—as one of the designating parties—failed to submit a Rule 79-5 declaration.

**F. Dkt. No. 373**

Synchronoss submitted an administrative motion to file under seal portions of its reply in support of its motion to strike portions of the expert reports of Ugone and Freedman. *See* Dkt. No. 373. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Synchronoss did not submit a narrowly tailored list of sealable material. For example, Synchronoss seeks to redact an excerpt from a deposition with Dr. Ugone. *See* Dkt. No. 373-4 at

5:5–10. And Dropbox—as the designating party—states that this should be sealed because it contains "Dropbox's Non-Public Sensitive Business and/or Financial Information." *See* Dkt. No. 379 at 2. But nothing in that excerpt appears to contain any sensitive business and/or financial information.

### G. Dkt. No. 314 & 395

Synchronoss submitted administrative motions to file under seal portions of its *Daubert* motion to exclude opinions and testimony of Dropbox's expert Dr. Roberto Tamassia, and its reply brief in support of that motion. *See* Dkt. Nos. 314, 395. But the only designating party for purportedly sealable material was Dropbox, which did not submit a Rule 79-5 declaration.

### H. Dkt. Nos. 321 & 382

Synchronoss submitted administrative motions to file under seal portions of its *Daubert* motion to exclude opinions and testimony of Dropbox's damages expert Dr. Ugone, and its reply brief in support of that motion. *See* Dkt. Nos. 321, 382. Having reviewed the motions and the corresponding Rule 79-5 declarations, the Court finds that Synchronoss did not submit narrowly tailored lists of sealable material. For example, Synchronoss seeks to redact in many parts the phrase "freedom-to-operate," but then uses this phrase in unredacted portions as well. *Compare* Dkt. No. 321-4 at i:6 (seeking to redact "Freedom-to-Operate") *and* Dkt. No. 382-4 at i:4 (seeking to redact "Freedom-to-Operate"), *with* Dkt. No. 321-4 at 4:24 (stating that "Dr. Ugone explained in his deposition what this freedom-to-operate license means").

### I. Dkt. No. 359

Dropbox submitted an administrative motion to file under seal portions of its opposition to Synchronoss's *Daubert* motion to exclude expert opinions and testimony of Dropbox's damages expert Dr. Ugone. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Dropbox did not submit a narrowly tailored list of sealable material. For example, Dropbox seeks to redact a statement about "Dropbox's preference for a lump-sum payment structure when entering into license agreements," but in the same sentence includes this same information, unredacted. *See* Dkt. No. 359-4 at 13:16–21 ("He pointed to them only for their *form*—he noted that they 'demonstrate Dropbox's preference for a lump-sum payment structure

5

when entering into license agreements,' and then considered that preference as one *among many factors* which demonstrate that Dropbox '[f]or business and economic reasons, . . . would have had a preference for a lump-sum royalty payment structure when negotiating with FusionOne for a license to the Patents-in-Suit.'") (underlined portions sought to be redacted).

### J. Dkt. No. 332

Synchronoss submitted an administrative motion to file under seal portions of its *Daubert* motion to exclude opinions and testimony of Dropbox's non-infringement expert Dr. Freedman. *See* Dkt. No. 332. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Synchronoss did not submit a narrowly tailored list of sealable material. For example, Synchronoss seeks to file under seal Exhibit D to the motion, on the basis that it "refer[s] to highly confidential internal business information of Synchronoss, the disclosure of which could result in irreparable harm to Synchronoss." *See* Dkt. No. 332-1 at iii. But nothing in Exhibit D— excerpts of a deposition of Dr. Ugone—includes such information. And the Court finds there is no reason to redact innocuous statements such as "'use' the accused system." *See* Dkt. No. 332-4 at 2:24.

### K. Dkt. No. 356

Dropbox submitted an administrative motion to file under seal portions of its opposition to Synchronoss's *Daubert* motion to exclude expert opinions and testimony of Dropbox's non-infringement expert Dr. Freedman. *See* Dkt. No. 356. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Dropbox did not submit a narrowly tailored list of sealable material. For example, Dropbox seeks to redact a high-level description of Synchronoss's basis for seeking to exclude portions of Dr. Freedman's opinions, *see* Dkt. No. 356-4 at 1, but it is not at all clear how that information constitutes—as Dropbox describes it in its Rule 79-5 declaration—"Non-Public Sensitive Business and/or Financial Information," *see* Dkt. No. 356-1 at 1.

### L. Dkt. No. 325

Dropbox submitted an administrative motion to file under seal portions of its *Daubert* motion to exclude expert opinions of Christopher Alpaugh. *See* Dkt. No. 325. Having reviewed

6

1   the motion and the corresponding Rule 79-5 declarations, the Court finds that Dropbox did not
2   submit a narrowly tailored list of sealable material. For example, Dropbox seeks to redact a
3   lengthy quote from Mr. Alpaugh's report. *See* Dkt. No. 325-4 at 3:13–18, *see also* Dkt. No. 347
4   (Synchronoss's Rule 79-5 declaration claiming this excerpt contains "Non-Public Sensitive
5   Business and/or Financial Information"). But that quote is almost entirely unredacted elsewhere.
6   *See* Dkt. No. 354 at 5.

### M. Dkt. No. 353

Synchronoss submitted an administrative motion to file under seal portions of its opposition to Dropbox's *Daubert* motion to exclude expert opinions of Christopher Alpaugh. *See* Dkt. No. 353. Having reviewed the motion and the corresponding Rule 79-5 declaration, the Court finds that Synchronoss did not submit a narrowly tailored list of sealable material. For example, Synchronoss seeks to redact a reference to Synchronoss acquiring the "FusionOne patent portfolio," but Synchronoss leaves this same information unredacted in the same paragraph. *Compare* Dkt. No. 353-4 at 10:18 (seeking to redact "FusionOne patent portfolio"), *with id.* at 10:5 (discussing the "FusionOne patent portfolio").

### N. Dkt. No. 390

Dropbox submitted an administrative motion to file under seal portions of its reply in support of its *Daubert* motion to exclude expert opinions of Christopher Alpaugh. *See* Dkt. No. 390. But the only designating party for the portions sought to be filed under seal—Synchronoss—failed to submit a Rule 79-5 declaration.

### O. Dkt. No. 328

Dropbox submitted an administrative motion to file under seal portions of its *Daubert* motion to exclude expert opinions of Dr. Nisha Mody. *See* Dkt. No. 328. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Dropbox did not submit a narrowly tailored list of sealable material. For example, Dropbox seeks to redact various references to a third party named "RoyaltySource." *See* Dkt. No. 328-4 at 6:19, *see also* Dkt. No. 348 (Synchronoss's Rule 79-5 declaration). But RoyaltySource is otherwise identified in unredacted portions of the motion. *See* Dkt. No. 330 at 6:23 ("RoyaltySource is so unreliable

7

1  . . . .").

### P.    Dkt. No. 370

Synchronoss submitted an administrative motion to file under seal portions of its opposition to Dropbox's *Daubert* motion to exclude expert opinions of Dr. Nisha Mody. *See* Dkt. No. 370. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Synchronoss did not submit a narrowly tailored list of sealable material. For example, Synchronoss seeks to redact references to RoyaltySource, an entity otherwise identified in unredacted portions of publicly available filings. *Compare* Dkt. No. 370-4 at 2:4, *with* Dkt. No. 330 at 6:23.

### Q.    Dkt. No. 383

Dropbox submitted an administrative motion to file under seal portions of its reply in support of its *Daubert* motion to exclude expert opinions of Dr. Nisha Mody. *See* Dkt. No. 383. But one of the designating parties—Synchronoss—failed to submit a Rule 79-5 declaration.

### R.    Dkt. No. 329

Synchronoss submitted an administrative motion to file under seal portions of its motion for summary judgment. *See* Dkt. No. 329. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Synchronoss did not submit a narrowly tailored list of sealable material. For example, Synchronoss seeks to redact a discussion of patent licenses with F-Secure and Openwave. *See* Dkt. No. 329-4 at 4. But the same information is unredacted in other filings before the Court, and thus is publicly available. *See* Dkt. No. 254 at 2.

### S.    Dkt. No. 361

Dropbox submitted an administrative motion to file under seal portions of its opposition to Synchronoss's motion for summary judgment. *See* Dkt. No. 361. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Dropbox did not submit a narrowly tailored list of sealable material. For example, Dropbox seeks to redact references to Synchronoss agreeing to acquire Openwave Messaging and that Openwave Mobility had no need for the infringed patents, but the same information is unredacted in the same paragraph. *Compare* 361-4 at 15:7–9, *with id.* at 15:3–6.

**T. Dkt. No. 388**

Synchronoss submitted an administrative motion to file under seal portions of its reply in support of its motion for summary judgment. *See* Dkt. No. 388. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Synchronoss did not submit a narrowly tailored list of sealable material. For example, Synchronoss seeks to redact information that it entered into a $10 million licensing transaction with Openwave, but similar information is unredacted in other filings before the Court, and thus is publicly available. *Compare* Dkt. No. 388-4 at 11:10, *with* Dkt. No. 254 at 2.

**U. Dkt. No. 316**

Dropbox submitted an administrative motion to file under seal portions of its motion for summary judgment. *See* Dkt. No. 316. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Dropbox did not submit a narrowly tailored list of sealable material. For example, Dropbox seeks to redact descriptions of its desktop client's identification of changes using "signatures," but otherwise discloses that Dropbox's system assigns "signature[s]" and "uses the signatures to determine what segments have been modified." *Compare* Dkt. No. 316-4 at 13:24–25, *with* Dkt. No. 317 at 18:11–14.

**V. Dkt. No. 367**

Synchronoss submitted an administrative motion to file under seal portions of its opposition to Dropbox's motion for summary judgment. *See* Dkt. No. 367. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Synchronoss did not submit a narrowly tailored list of sealable material. For example, Synchronoss seeks to redact—and Dropbox as the designating party endorses the redaction of—some references to "rsync," but Dropbox does not endorse the redaction of other references to "rsync." *Compare* 367-4 at 12:19, *with id.* at 3:21, 4:4.

**W. Dkt. No. 385**

Dropbox submitted an administrative motion to file under seal portions of its reply in support of its motion for summary judgment. *See* Dkt. No. 385. Having reviewed the motion and the corresponding Rule 79-5 declarations, the Court finds that Dropbox did not submit a narrowly

1  tailored list of sealable material. For example, Dropbox seeks to redact references to "rsync." *See*
2  Dkt. No. 385-4 at 7:15–16. But Dropbox—as the designating party—did not endorse similar
3  redactions of "rsync" in Synchronoss's opposition to Dropbox's motion for summary judgment.
4  *See* Dkt. No. 367-4 at 3:21 (referring to "rsync"); *see also* Dkt. No. 377 (Dropbox's Rule 79-5
5  declaration).

## III. CONCLUSION

The Court **DENIES** all pending sealing requests in their entirety. Pursuant to Civil Local Rule 79-5(f), the parties may file unredacted versions of all briefs and their attachments. The parties may also file renewed motions to seal according to the requirements discussed above.

If the parties wish to file renewed motions to seal, the parties are directed to meet and confer before the submissions and coordinate redactions. The Court does not want one party redacting everything the opposing party has ever designated confidential, only for the designating party to endorse some, but not all of those redactions in its Rule 79-5 declaration, with little to no explanation for why only certain information should be redacted. Instead, for any given filing the parties wish to keep partially redacted, the parties should coordinate and submit a renewed administrative motion to file under seal that narrowly seeks redaction of only appropriately redactable information upon which all parties agree, and which includes all corresponding Rule 79-5 declarations as attachments to the one submission. In the few instances where the designating party is not a party to this suit, *see* Dkt. Nos. 325, 361, the parties are further directed to make good-faith efforts to coordinate and secure Rule 79-5 declarations from those parties in advance of filing the renewed motions to seal.

Under the local rules, parties ordinarily must file unredacted versions or renewed motions to seal within seven days of an order denying the administrative motion to file under seal. Given the Court's direction to the parties to undertake a coordinated approach to any renewed submissions, the Court extends this deadline to fourteen days.

//

//

//

The Court expects the parties will use their best objective judgment to file motions that are narrowly tailored, properly supported by declarations, and that satisfy the requisite standards.

**IT IS SO ORDERED.**

Dated: 6/17/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge