UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> DROPBOX INC., et al., <br> Defendants. | Case No. 16-cv-00119-HSG <br><br> **ORDER ON RENEWED ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 416–31 |

Pending before the Court are sixteen renewed administrative motions to file under seal portions of various filings in this case. *See* Dkt. Nos. 416–31. Having carefully considered the pending motions and supporting declarations, the Court **GRANTS IN PART** and **DENIES IN PART** the parties' motions.

I. **LEGAL STANDARD**

For motions to seal that comply with the local rules, courts generally apply a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure

and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation omitted). The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

//

//

## II. DISCUSSION

The Court previously denied numerous administrative motions to file under seal, primarily because the parties did not narrowly tailor their sealing requests, as the requests sought to redact substantial volumes of information otherwise unredacted in other portions of the same or other filings. *See* Dkt. No. 407. The Court described some of the defects present in each administrative motion, to explain the extent to which the parties failed to narrowly tailor their requests. The Court explained, however, that those "examples [were] not meant to be an exhaustive list of the parties' failures; rather, they demonstrate[d] the myriad ways that the parties [had] not complied with the local rules or otherwise submitted proper sealing requests." *Id.* at 3. The Court directed the parties to file any renewed motions to seal within fourteen days, stressing that "[t]he Court expect[ed] the parties [would] use their best objective judgment to file motions that are narrowly tailored, properly supported by declarations, and that satisfy the requisite standards." *Id.* at 10–11.

As an initial matter, the parties did not submit renewed administrative motions to file under seal portions of: (1) Synchronoss's *Daubert* motion to exclude opinions and testimony of Dropbox's expert Dr. Roberto Tamassia, and its reply brief in support of that motion, *see* Dkt. Nos. 315, 396; and (2) Synchronoss's reply brief in support of its *Daubert* motion to exclude opinions and testimony of Dropbox's damages expert Dr. Ugone, *see* Dkt. No. 386. The parties should thus e-file unredacted versions of those submissions.

Turning to the renewed sealing requests, the parties now seek redaction of sealable information, such as (1) confidential agreements with third parties, (2) financial terms, and (3) confidential source code. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (considering "confidential source code"); *Finisar Corp.*, 2015 WL 3988132, at *5 (observing that courts "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (finding that "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" containing "confidential business information" satisfied the "compelling reasons" standard in part because sealing that information "prevent[ed] competitors from gaining insight into the parties' business

3

model and strategy"). The parties, however, continue to seek to file under seal information that is unredacted elsewhere and thus publicly available. The following chart details which portions of the various filings are not sealable, for this reason:

| Docket Number Public/Sealed | Document | Portion(s) Sought to be Sealed | Reason for Denial |
|---|---|---|---|
| 418-6 / 418-7 | Exhibit A to *Daubert* motion to exclude opinions and testimony of Dropbox's damages expert Dr. Ugone | The "$2.5 million" value of the FusionOne / Apple license agreement on page 140. | This same information is unredacted elsewhere. *See* Dkt. No. 417-10 at 140. |
| 419-16 / 419-17 | Exhibit G to Opposition to *Daubert* Motion to Exclude Expert Opinions of Nisha Mody, Ph.D. | All information in Table 19 other than the contents of the column "Dr. Mody's Claimed Damages As Multiples Of Reasonableness Test." | This same information is unredacted elsewhere. *See* Dkt. No. 417-10 at 140. |
| 421-6 / 421-7 | Exhibit B to Opposition to Dropbox's Motion for Summary Judgment | Highlighted portions of pages 29–30, which refer to "Amazon Web Services (S3)" and "Magic Pocket." | The parties seek to redact multiple references to "Amazon Web Services (S3)" and "Magic Pocket" as coupled to storage servers. But this information is unredacted in exhibits to other submissions. *See, e.g.*, Dkt. No. 424-12 at 73 ("The clients and block server are coupled to either Amazon Web Services (S3) or 'Magic Pocket' via a network at least [sic] one data structure coupled to store change transactions."). |
| 422-4 / 422-5 | Opposition to Motion to Strike Portions of the Expert Reports of Christopher Alpaugh | Highlighted portions on pages 7–9 that refer to Amazon Web Services (S3) and/or Magic Pocket. | See above. |
| 422-8 / 422-9 | Exhibit 6 to Opposition to Motion to Strike Portions of the Expert | Highlighted portions on pages 29–31 that refer to Amazon Web Services | See above. |

4

| | | | |
|---|---|---|---|
| | Reports of Christopher Alpaugh | (S3) and/or Magic Pocket. | |
| 424-4 / 424-5 | Motion to Strike Portions of the Expert Reports of Christopher Alpaugh | Highlighted portions of pages 12–14 that refer to Amazon Web Services (S3) and/or Magic Pocket. | See above. |
| 424-12 / 424-13 | Exhibit 9 in Support of Motion to Strike Portions of the Expert Reports of Christopher Alpaugh | Highlighted portions of page 15 that refer to Amazon Web Services (S3) and/or Magic Pocket. | See above. |
| 424-12 / 424-13 | Exhibit 9 in Support of Motion to Strike Portions of the Expert Reports of Christopher Alpaugh | Highlighted "blocks or signatures" on pages 29 and 118. | This same information is unredacted elsewhere. *See* Dkt. No. 424-12 at 148. |
| 424-32 / 424-33 | Reply in Support of Motion to Strike Portions of the Expert Reports of Christopher Alpaugh | Highlighted portions of pages 5–7 that refer to Amazon Web Services (S3) and/or Magic Pocket. | See above. |
| 424-32 / 424-33 | Reply in Support of Motion to Strike Portions of the Expert Reports of Christopher Alpaugh | Highlighted portions on page 14 that refer to Amazon Web Services (S3) or Magic Pocket. | See above. |
| 425-12 / 425-13 | Exhibit 7 to Opposition to Motion to Strike portions of the Rebuttal Expert Reports of Dr. Keith Ugone and Dr. Michael Freedman | The "$2.5 million" value of the FusionOne / Apple license agreement on page 140. | This same information is unredacted elsewhere. *See* Dkt. No. 417-10 at 140. |
| 427-5 / 427-6 | Exhibit 3 to Dropbox's Motion for Summary Judgment | Highlighted portions on pages 51, 79, and 104–05 that refer to Amazon Web Services (S3) and/or Magic Pocket. | See above. |
| 427-11 / 427-12 | Exhibit 2 to Dropbox's Motion for Summary Judgment | Highlighted portions on pages 29–30 and 86 that refer to Amazon Web Services (S3) and/or Magic Pocket. | See above. |
| 428-8 / 428-9 | Exhibit B to Opposition to *Daubert* Motion to Exclude Opinions and Testimony of | The "$2.5 million" value of the FusionOne / Apple license agreement on page 140. | This same information is unredacted elsewhere. *See* Dkt. No. 417-10 at 140. |

5

| | | | |
|---|---|---|---|
| | Dropbox's Damages Expert Dr. Ugone | | |
| 429-48 / 429-49 | Exhibit CC to Reply in support of *Daubert* Motion to Exclude Expert Opinions of Christopher Alpaugh | The "$2.5 million" value of the FusionOne / Apple license agreement on page 140. | This same information is unredacted elsewhere. *See* Dkt. No. 417-10 at 140. |
| 429-52 / 429-53 | Exhibit FF to Reply in support of *Daubert* Motion to Exclude Expert Opinions of Christopher Alpaugh | Reference to "universal" on page 25. | This term is unredacted in the surrounding paragraphs on this page. |
| 430-6 / 430-7 | Exhibit D to *Daubert* Motion to Exclude Expert Opinions of Nisha Mody, Ph.D. | Highlighted portions on pages 51–52, 79, 104–05, 134–35, 150–51, and 155 that refer to Amazon Web Services (S3) and/or Magic Pocket. | See above. |
| 430-18 / 430-19 | Exhibit R to *Daubert* Motion to Exclude Expert Opinions of Nisha Mody, Ph.D. | The "$2.5 million" value of the FusionOne / Apple license agreement on page 140. | This same information is unredacted elsewhere. *See* Dkt. No. 417-10 at 140. |
| 430-32 / 430-33 | Exhibit X to Reply in Support of *Daubert* Motion to Exclude Expert Opinions of Nisha Mody, Ph.D. | The "$2.5 million" value of the FusionOne / Apple license agreement on page 140. | This same information is unredacted elsewhere. *See* Dkt. No. 417-10 at 140. |

**III.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** six of the pending renewed administrative motions to file under seal in their entirety. *See* Dkt. Nos. 416, 417, 420, 423, 426, 431. The Court **GRANTS IN PART** and **DENIES IN PART** the remaining ten pending renewed administrative motions to file under seal. *See* Dkt. Nos. 418, 419, 421, 422, 424, 425, 427, 428, 429, 430. For the latter, the parties are directed to e-file revised versions of the relevant submissions that do not redact portions the Court identified above as nonsealable. All other portions may continue to be redacted.

//

//

//

//

6

Last, the parties are **DIRECTED** to e-file unredacted versions of (1) Synchronoss's *Daubert* motion to exclude opinions and testimony of Dropbox's expert Dr. Roberto Tamassia, and its reply brief in support of that motion; and (2) Synchronoss's reply brief in support of its *Daubert* motion to exclude opinions and testimony of Dropbox's damages expert Dr. Ugone.

**IT IS SO ORDERED.**

Dated: 8/7/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge