UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> DROPBOX INC., et al., <br> Defendants. | Case No. 16-cv-00119-HSG <br><br> **ORDER DENYING DROPBOX INC.'S MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. Nos. 435, 436, 449, 461, 465 |

Pending before the Court is Defendant Dropbox, Inc.'s ("Dropbox") motion for attorneys' fees. Dkt. No. 436 ("Mot."). The parties also filed motions to seal portions of their briefs and accompanying exhibits. Dkt. Nos. 435, 449, 461, and 465. For the reasons detailed below, the Court **DENIES** Dropbox's motion for attorneys' fees and **GRANTS in part** and **DENIES in part** the parties' motions to seal.

## I. BACKGROUND

Plaintiff Synchronoss Technologies, Inc. ("Synchronoss") filed this action on March 27, 2015, in the Northern District of New Jersey, alleging infringement of United States Patent Nos. 6,671,757 ("the '757 Patent"), 7,587,446 ("the '446 Patent") and 6,757,696 ("the '696 Patent"). Dkt. No. 1. On December 30, 2015, Defendant's motion to transfer the case to the Northern District of California was granted. Dkt. Nos. 24, 35. The Court granted Defendant's motion for summary judgment of non-infringement of the patents-in-suit on June 17, 2019. Dkt. No. 406.

## II. LEGAL STANDARD

### A. Motion for Attorneys' Fees

Section 285 of the Patent Act states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C.A. § 285. The Supreme Court has held that "an exceptional case is simply one that stands out from others with respect to the substantive

strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (internal quotation marks omitted). Further, "[t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." *Id.* (internal quotation marks omitted).

### B. Motions to Seal

For motions to seal that comply with the local rules, courts generally apply a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotation marks and citation omitted). The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking

to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPCMDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

## III. DISCUSSION

### A. Motion for Attorneys' Fees

Dropbox argues that because (1) Synchronoss's substantive positions were unreasonable after the Court's claim construction hearing and (2) Synchronoss engaged in misconduct, this case qualifies as an "exceptional case" under 35 U.S.C. § 285. *See* Mot. at 8–23.

#### i. Strength of Synchronoss's Substantive Positions

Dropbox first argues that Synchronoss's position on direct infringement of the '757 Patent and '446 Patent was objectively meritless because it was "premised on Dropbox's distribution of software alone." Mot. at 9. At the claim construction hearing, the Court adopted Plaintiff's construction of the terms "device" and "system." It defined the terms as:

> a collection of elements or components organized for a common

3

> purpose, and may include hardware components of a computer system, personal information devices, hand-held computers, notebooks, or any combination of hardware which may include a processor and memory which is adapted to receive or provide information to another device; or any software containing such information residing on a single collection of hardware or on different collections of hardware

Dkt. No. 168 at 9. Dropbox argues that because the Court held that the claim construction order unambiguously foreclosed Synchronoss's "software-only" position, Synchronoss's "choice to maintain its infringement position[] . . . was objectively baseless." Mot. at 10 (quoting *Spitz Techs. Corp. v. Nobel Biocare USA LLC*, No. SACV 17-00660 JVS (JCGx), 2018 WL 6164300, at *6 (C.D. Cal. June 7, 2018), *aff'd*, 773 F. App'x 625 (Fed. Cir. 2019). Synchronoss responds that while the Court disagreed with its construction, Synchronoss understood the phrase "software . . . residing on . . . hardware to be focused on software" and not require that the hardware be made and sold by Dropbox. Opp. at 5. It further argues that this misunderstanding does not make this case exceptional, in contrast to a case like *Spitz*, in which the court rejected the patentee's claim construction. *Id.* at 6. Here, the Court adopted Synchronoss's proposed claim construction, but disagreed with its interpretation. *Id.*

Although the Court agrees that the "claim construction order unambiguously held that '[first/second] system' did not cover software alone," Synchronoss's position did not disregard this construction. Instead, it interpreted the construction (erroneously, in the Court's view) as supporting an infringement claim under *Uniloc USA v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011). *See* Dkt. No. 146 at 8. *Uniloc USA* is distinguishable for the reasons set forth in the Court's summary judgment order, but this does not make Synchronoss's argument frivolous. In light of the totality of the record, the Court in its discretion finds that Synchronoss's position was not so exceptional as to warrant the award of attorneys' fees.[1]

Dropbox next argues that Synchronoss's arguments regarding the '446 Patent were also

---

[1] Dropbox also argues that Synchronoss's position on the "previous state of said data" limitation after the claim construction hearing was contrary to the construction accepted by the Court and thus entitles it to attorneys' fees. Mot. at 11. Importantly, the Court did not address this issue in its summary judgment order or determine the merits of either party's arguments. *See generally* Dkt. No. 406. Dropbox effectively asks the Court to determine at this stage whether the construction of the "previous state of said data" limitation removed Synchronoss's basis for its '757 Patent infringement claims. The Court need not and will not do so.

meritless. In its claim construction order, the Court adopted a modified version of Defendant's construction of "digital media file." Dkt. No. 168 at 25. Specifically, the Court adopted the following definition: "digital audio or video content in the form of a file such as an MPEG, MP3, RealAudio, or Liquid Audio file." *Id.* In its summary judgment motion, Dropbox argued that under this construction, the '446 Patent claims recited an impossibility, since a single generated digital media file cannot itself comprise a directory of digital media files as stated in claim 1 of the '446 Patent. Dkt. No. 406 at 12. In response, Synchronoss conceded this impossibility, yet argued that a person of ordinary skill in the art reading the claim would have understood it to mean something different than what was written. *Id.* The Court rejected this argument and granted summary judgment for Dropbox. *Id.* at 13.

Synchronoss's position was not so exceptional as to warrant the award of attorneys' fees. The Patent Act requires particularity and precision, but also tolerates "[s]ome modicum of uncertainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 909 (2014). Just because the Court ultimately agreed with Dropbox when striking the Patent Act's "delicate balance," that is not enough to make Synchronoss's position objectively unreasonable. *Id.* (quoting *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 731 (2002)). Synchronoss's expert Christopher Alpaugh stated, "In my opinion, [Dropbox's expert] has failed to establish that a [person of ordinary skill in the art] as of the priority date of the '446 Patent could not understand the scope of the claims or what they cover with any reasonable certainty." Opp. at 12. Both sides litigated this point, and the Court found Dropbox's position more persuasive.

Accordingly, the Court disagrees with Dropbox's arguments that Synchronoss's positions made this an exceptional case justifying the award of attorneys' fees under § 285. The fact that Synchronoss lost does not, by itself, justify a fees award. *See Kreative Power, LLC v. Monoprice, Inc.*, No. 14-cv-02991-SI, 2015 WL 1967289, at *1, 3 (N.D. Cal. Apr. 30, 2015) (denying motion for attorneys' fees where court previously had granted the defendant's motion for summary judgment on both non-infringement and invalidity grounds).

### ii. Manner in Which the Case was Litigated

Dropbox also argues that Synchronoss's conduct throughout the case makes this an

exceptional case warranting a fees award. Mot. at 13. Dropbox first points to several discovery disputes and subsequent motions practice as evidence that Synchronoss unreasonably multiplied proceedings. Mot. at 14–18. The Court finds that this does not constitute conduct "that would rise to the level of misconduct necessary to find this an 'exceptional case.'" *Finjan, Inc. v. Sophos, Inc.*, 244 F. Supp. 3d 1016, 1029 (N.D. Cal. 2017). This case was "hard fought and zealously litigated," *id.*, through discovery and motions practice, in a manner that was (perhaps sadly) routine for patent cases, in the Court's experience.

Dropbox also alleges that Synchronoss asserted falsely inflated licenses in order to increase its damages and attempted to obscure this "scheme" with false testimony. Mot. at 18–23, Reply at 11–13. Specifically, Dropbox points to testimony by Synchronoss's Chief Legal Officer Ronald Prague indicating that the licensing agreement and asset purchases were not related, and were instead "two separate agreements." Dkt. No. 435-14. To the extent that Dropbox is arguing that the alleged scheme shows misconduct in this case, the Court disagrees. Dropbox's defense of unclean hands pertained to Synchronoss's purported actions outside of this litigation. While the defense may have been relevant to the merits of the case, it focused on pre-litigation conduct, not litigation misconduct of the sort that would transform this case into an exceptional one. Further, unlike *Eon-Net LP v. Flagstar Bancorp*, there is no clear evidence that Synchronoss "lodged incomplete and misleading extrinsic evidence with the court" through Prague's testimony. 653 F.3d 1314, 1325 (Fed. Cir. 2011). Dropbox argues that the testimony attempted to obscure Synchronoss's conduct, but this is simply its interpretation and characterization of Synchronoss's licensing activities. There was never a finding or clear evidence that this was the case. Accordingly, in the Court's discretion, this conduct does not rise to the level of making this an exceptional case.

### B. Motions to Seal

#### iii. Dkt. No. 435

Dropbox seeks to seal portions of its Motion, portions of Exhibits 5, 6, 9, 10, and 17, and the entirety of Exhibits 14, 18, 19, 21–26, 28, 29, and 30. Dkt. No. 435. The Court agrees that Dropbox seeks redaction of some sealable information, such as (1) confidential agreements with

6

third parties, (2) financial terms, and (3) confidential source code. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (considering "confidential source code"); *Finisar Corp.*, 2015 WL 3988132, at *5 (observing that courts "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (finding that "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" containing "confidential business information" satisfied the "compelling reasons" standard in part because sealing that information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"). Additionally, the sealing requests seek to seal information materially identical to prior sealing requests, which this Court granted. *See* Dkt. No. 475 at 3–6. The Court sees no reason why it should here find that information it previously deemed sealable no longer meets the "compelling reasons" standard. The portions of the motion where Synchronoss, the designating party for these redactions, no longer supports their redaction are not sealable. The following chart details which portions of the various filings are and are not sealable:

| Document Number Public/(Sealed) | Portions Sought to be Sealed | Designating Party | Ruling |
|---|---|---|---|
| 436/(435-4) 436-18/(435-16) | Page 15, lines 15, 18-19, 24, 28<br>Page 16, lines 1, 10, 13-18<br>Page 17, line 1<br>Page 19, lines 17-23, 25<br>Page 20, lines 6-10, 17-18<br>Page 21, lines 4-7, 12-24<br>Page 22, lines 9, 14-15<br>Portions of Exhibit 17 | Synchronoss | **GRANT** as to page 16, 19, 20, 21, 22 portions of Exhibit 17<br><br>**DENY** as to pages 15 and 17, no supporting Rule 79-5(e)(1) declaration |
| 436-15 /(435-14), 436-22/(435-22), 436-23/(435-24), 436-27(435-32), 436-29/(435-34), 436-30/(435-36), 436-31/(435-38) | Exhibits 14, 21, 22, 26, 28, 29, 30 (entirety) | Synchronoss | **GRANT** |
| 436/(435-4), 436-24/(435-26), 436-25/(435-28), | Page 20, lines 19-28<br>Page 21, lines 2-3, 7-9, 26-28 | Blackberry | **GRANT**, previously granted by the Court |

7

| Document Number Public/(Sealed) | Portions Sought to be Sealed | Designating Party | Ruling |
|---|---|---|---|
| 436-26/(435-30) | Page 22, 1-7<br>Exhibits 23, 24, 25 (entirety) | | |
| 436/(435-4)<br>436-19/(435-18),<br>436-20/(435-20) | Page 19, lines 27-28<br>Page 20, lines 1-4<br>Exhibits 18, 19 (entirety) | Marlin | **GRANT**, previously granted by the Court |
| 436-6/(435-6),<br>436-7/(435-8),<br>436-10/(435-10)<br>436-11/(435-12) | Exhibit 5, portions of pages 1-4<br>Exhibit 6, portions of page 2<br>Exhibit 9, portions of pages 4-5, 18, 29-31<br>Exhibit 10, portions of pages 6-8, 13-14, 23 | Dropbox | **GRANT** |

### iv. Dkt. No. 449

Synchronoss seeks to seal portions of its Opposition and the entirety of Exhibits B, D, and E. Dkt. No. 449. The Court agrees that Synchronoss seeks redaction of some sealable information, such as (1) confidential agreements with third parties, (2) financial terms, and (3) confidential source code. However, Dropbox, the designating party for some proposed redactions, does not support various redactions and these portions are not sealable. Further, Synchronoss seeks to file under seal information that is unredacted elsewhere and thus publicly available. For instance, Synchronoss seeks to seal all references to F-Secure, Newbay, Openwave, and OnMobile in its Opposition. *See* Dkt. No. 449 at 20. However, these entities are referenced publicly in Dropbox's Motion for Attorney's Fees. *See* Dkt. No. 436 at 20–22. These portions are then unsealable. The following chart details which portions of the various filings are and are not sealable:

| Document Number Public/(Sealed) | Portions Sought to be Sealed | Designating Party | Ruling |
|---|---|---|---|
| 450/(449-4) | Page vii, line 7 | Synchronoss | **DENY**, this is a citation to a public regulation |
| 450/(449-4)<br>450-3/(449-5) | Page 8, lines 12, 13, 14, 15, 17, 18<br>Page 9, lines 13, 19, 20, 22, 24, 25<br>Page 24, lines 9, 11, 12<br>Exhibit B (entirety) | Dropbox | **DENY**, no supporting Rule 79-5(e)(1) declaration |
| 450/(449) | Page 18, lines 14, 18, 19, | Synchronoss | **GRANT** as to page 18; |

| | | | |
|---|---|---|---|
| | 20, 21, 22, 24<br>Page 20, lines 3-5, 22, 25, 28<br>Page 22, lines 3, 4 | | **DENY** as to pages 20 and 22, information is unredacted in Dropbox's motion, Dkt. No. 436 at 20–22 |
| 450-5/(449-7) | Exhibit D (entirety) | Dropbox | **GRANT** in part, only portions supported in Dropbox's Rule 79-5(e)(1) declaration (Dkt. No. 453) |
| 450-6/(449-9) | Exhibit E (entirety) | Synchronoss | **GRANT** |

### v. Dkt. No. 461 and 465

Dropbox seeks to seal limited portions of its Reply. *See* Dkt. No. 461, 465.[2] Most of these portions seek to seal content relating to confidential agreements with third parties, financial terms and confidential source code previously found, in the sections above, to constitute sealable information. Accordingly, the Court **GRANTS** the motions to seal as to Page 10, lines 18, 21, 22 and Page 12, lines 21–22, 24–25. The Court **DENIES** the motions to seal as to Page 4, line 25 because that information is unredacted elsewhere and thus publicly available. *See* Dkt. No. 436 at 1.

## IV. CONCLUSION

Because Dropbox fails to show that this is an exceptional case, the Court **DENIES** its motion for attorney's fees. For the reasons explained above, the Court **GRANTS in part** and **DENIES in part** the parties' motions to seal. The parties are directed to e-file revised versions of the relevant submissions that do not redact portions the Court identified above as nonsealable. All other portions may continue to be redacted.

**IT IS SO ORDERED.**

Dated: 2/14/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Because Dropbox's motion to file under seal in Dkt. No. 465 contains the same redactions and pagination as Dkt. No. 461, the Court addresses both simultaneously and its holdings apply to both motions.